IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


SUTTER & GILLHAM, P.L.L.C.; LUTHER
SUTTER, and LUCIEN GILLHAM                                                          PLAINTIFFS


VS.

No. 4:24-cv-911-BSM


EMILY RUNYON; MUNSON, ROWLETT, MOORE
AND BOONE, P.A.; ANNIE DEPPER; BLAKE HENDRIX;
FUQUA CAMPBELL, P.A.; DAVID WILSON;
FRIDAY, ELDREDGE & CLARK, LLP; MEL SAYES;
MATTHEW SANDERS & SAYES, P.A.; AND
JOHN DOES 1 – 100                                                                  DEFENDANTS


### BRIEF IN SUPPORT OF
### JOINT MOTION TO DISMISS OF ALL DEFENDANTS


Come now Defendants, Emily Runyon, Munson, Rowlett, Moore & Boone, P.A., Annie Depper,

Blake Hendrix, Fuqua Campbell, P.A., David Wilson, Friday, Eldredge & Clark, Mel Sayes and Matthew,

Sanders & Sayes, P.A., and for their Brief in Support of Joint Motion to Dismiss of all Defendants, and

state:

### I. INTRODUCTION

This case is an exact "cut and paste" duplicate of a lawsuit filed by these same plaintiffs against

several other parties which was dismissed and is now on appeal. *Sutter & Gilliam, PLLC, et. al. v. Henry,*

*et. al*, No. 23-CV-00078-BSM, 2023 U.S. Dist. LEXIS 223644, *2, 2023 WL 8700962 (E.D. Ark. Dec. 15,

2023) (hereinafter "Sutter Federal Case I"); see also *Sutter & Gilliam, PLLC, et. al. v. Henry, et. al*, No.

24-1071 (8th Cir).  The Complaint does not allege *any* actionable conduct of the named defendants here; it

1

simply identifies them, and then pleads again the "cut and paste" allegations against those who are defendants in the Sutter Federal Case I.

Plaintiffs are a law firm and lawyers who for a time represented a wrongful death beneficiary in a lawsuit in Jefferson County (the "Baker Case").[1] Plaintiffs did not like the two of the court's rulings in that case, but rather than appeal those rulings, they set about on a course of suing the other lawyers and some of the parties in that case. In the first effort, the Sutter Federal Case I (filed February 6, 2023), plaintiffs sued several lawyers and some of their clients who were involved in the Baker Case. The defendants in the present action are some of the additional lawyers who also represented parties in the Baker Case which plaintiffs chose not to sue in the now-dismissed Sutter Federal Case I.  Once the Sutter Federal Case I was dismissed, plaintiffs switched strategies and decided to sue these defendants, using the exact same allegations as the now-dismissed Sutter Federal Case I. The only material difference in the complaint in this case and the complaint in the Sutter Federal Case I is that the original defendants' names have been removed from the style and in a very few paragraphs and replaced with the names of these defendants.

**A. BAKER CASE**

The Baker Case (Jefferson County, Arkansas, 35CV-18-1077) (see footnote 1), was a wrongful death case filed in 2018 alleging a wild array of fabricated claims of murder, coverup, and conspiracy. (See Ex. "B" to Motion, Jefferson County Am. Compl.). Eventually, the case was dismissed with prejudice as a sanction for the baseless nature of the allegations in that case and the improper conduct (including spoliation, hiding, and fabrication of evidence) committed by the plaintiffs in that case and their attorneys. (Ex. C to Compl., Baker Case Sanctions Order).  Dismissal with prejudice was the only sanction imposed by the Baker Case sanctions order.  Neither plaintiffs in this case nor their former client appealed the sanctions order.

---

[1] *Kerry Baker, as Administrator of the Estate of James Luke Baker, and Kerry Baker Individually, and Savannah Baker Case Individually, and Gena Downey Baker Individually v. Bryan Adams, Skylar Wilson, Travis Jones, Carson Cook, Karla Cook, Prairie Wings South LLC, Austin Tate, John Tate, and certain John and Jane Does to be determines and Prairie Wings Lodge, LLC, Christie Adams, Mary Tate Reliance Health Care Inc, Brandon Adams, Todd Ross, Joe (sic) Wicker (sic),* Circuit Court of Jefferson County, Arkansas, 35CV-18-1077.

Plaintiffs here were attorneys for plaintiff Gena Downey Baker in the Baker Case. Defendants here include some of the defense attorneys in that case. The plaintiffs here voluntarily withdrew from representing Ms. Baker before the sanctions motion was filed. (Ex. H to Compl., Baker Case Reply to Response to Motion to Intervene 4 (noting date of withdrawal as February 6, 2020)). After the sanctions order was entered, the plaintiffs here moved to intervene in the Baker Case, which was denied. (Doc. 1, Compl., ¶ 69). Plaintiffs did not appeal the denial of their motion to intervene in the Jefferson County action. (Ex. "A" to Motion, Jefferson County Docket). A summary description of the Baker Case can be found at *Kelley v. Adams*, 2024 Ark. App. 440.

### B. SUTTER FEDERAL CASE I

As indicated, the Sutter Federal Case I was already decided and dismissed by this Court and is now on appeal in *Sutter & Gilliam, PLLC, et. al. v. Henry, et. al*, No. 24-1071 (8th Cir). The allegations in that case were identical to the allegations and claims pled in this case, except the style of the case was changed and those defendants were swapped out with these defendants.

### C. FACTS ALLEGED AS TO *THESE* DEFENDANTS

Since this case is an exact "cut and paste" duplicate of the Sutter Federal Case I, it is not surprising that all the allegations in *this* case are about the defendants named in *that* case. Other than the complaint paragraphs identifying these defendants (Compl. ¶15), there are no other allegations in the complaint about any of *these* defendants related to any cause of action pled in this case.

- **Emily Runyon / Munson, Rowlett, Moore & Boone, P.A.:** Ms. Runyon is identified as practicing law with Munson, Rowlett, Moore & Boone, P.A. (Compl. ¶15). While there are various allegations regarding the defendants in the Sutter Federal Case I and other non-parties to this lawsuit, there are no other allegations pled referencing Ms. Runyon or her firm anywhere in the complaint.

- **Annie Depper, Blake Hendrix / Fuqua Campbell, P.A.:** Ms. Depper and Mr. Hendrix are identified as practicing law with Fuqua Campbell, P.A. (Compl. ¶15). While there are various

allegations regarding the defendants in the Sutter Federal Case I and other non-parties to this lawsuit, there are no other allegations pled referencing Ms. Depper or Mr. Hendrix or their firm anywhere in the complaint.

- **David Wilson / Friday, Eldredge & Clark, LLP.:** Mr. Wilson is identified as practicing law with Friday Eldredge & Clark, LLP (Compl. ¶15). While there are various allegations regarding the defendants in the Sutter Federal Case I and other non-parties to this lawsuit, there are no other allegations pled referencing Mr. Wilson or his firm anywhere in the complaint.[2]

- **Mel Sayes / Matthews, Sanders & Says, P.A.:** Mr. Sayes is identified as practicing law with Matthews, Sanders & Says, P.A. (Compl. ¶15). While there are various allegations regarding the defendants in the Sutter Federal Case I and other non-parties to this lawsuit, there are no other allegations pled referencing Mr. Sayes or his firm anywhere in the complaint, except he is identified as having *not* signed and *not* filed some pleadings in the Baker Case (Compl. ¶¶61, 65).

Since the allegations in both cases are the same, and since these defendants were known lawyers of record in the Baker Case, there is clearly no reason these defendants could not have been named in the Sutter Federal Case I if there was actually a factual basis to make such claims. There is not. As set forth herein, there is no basis pled to support any claims against these defendants in this case.

### E. CLAIMS ASSERTED AND GROUNDS FOR DISMISSAL

The seven claims copied and pasted against these defendants from the Sutter Federal Case I are fraught with a complete lack of legal and factual support as to these defendants. The claims asserted by the plaintiffs in this case are: "Retaliation (Due Process)" (Count I), "Conspiracy to Violate Constitutional Rights" (Count II), "Defamation" (Count III), "Interference with Contracts" (Count IV), "Abuse of Process/Malicious Prosecution" (Count V), "Civil Conspiracy / Barratry" (Count VI), and "Civil Felony

---

[2] While there are other references to "Wilson" in the complaint, they are all in reference to Skylar Wilson, a defendant in the Baker Case.

Tort" (Count VII). Each of these claims should be dismissed as to each of the defendants as a matter of law for the reasons set forth below at III.

## II. LEGAL STANDARD

### A. RULE 12(B)(6) STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 525 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible only if the complaint "pleads factual content that allows the court to draw the reasonable inference" that defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a Complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Thus, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed- me accusation." *Id*. Plaintiffs have not met this standard as to any of the claims asserted in their complaint.

### B. RULE 12(B)(5) STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss a complaint for insufficient service of process. The standard of review for a 12(b)(5) motion to dismiss is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Kammona v. Onteco Corp.,* 587 Fed.Appx. 575, 577-78 (11th Cir. 2014), cert. denied, 135 S. Ct. 2316 (2015). Therefore, to survive a motion to dismiss for insufficient service, "a plaintiff must plead sufficient facts to support a reasonable inference that the defendant" has been properly served. *Creative Calling Sols., Inc. v. LF Beauty Ltd.,* 799 F.3d 975, 979 (8th Cir. 2015) (internal quotation mark omitted) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011)). The plaintiff bears the burden of proof. *Bryant Portable Welding, Inc. v. Seville Indus., LLC*, No. 1:22-CV-33, 2023 WL 3891668, at *2 (D.N.D. Apr. 11, 2023).

### III.  LEGAL ANALYSIS

### COUNT I – "RETALIATION"

#### (a) Failure to plead facts of the required elements

Count I of plaintiffs' complaint is an alleged constitutional retaliation claim. To succeed on a § 1983 retaliation claim, plaintiffs must prove:

(1) Plaintiffs engaged in protected activity;

(2) Defendants, to retaliate for the protected activity, took adverse action against plaintiffs; and

(3) The adverse action taken would chill a person of ordinary firmness from engaging in that activity.

*Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

First, plaintiffs' alleged "protected activity" is their claimed "right to freedom of speech and access to Courts under the 1st Amendment and to remonstrate under the Arkansas Constitution, as well as to participate in an investigation designed to determine whether a homicide occurred." (Compl. ¶ 81). Plaintiffs fail to recognize they were serving only as attorneys of record in the Baker Case and were never parties to that lawsuit. "[I]n filing motions and advocating for his client in court, [an attorney is] not engaged in free expression; he [is] simply doing his job." *Mezibov v. Allen*, 411 F.3d 712, 720 (6th Cir. 2005) (affirming dismissal of attorney's First Amendment retaliation claim). Thus, "in the context of the courtroom proceedings, an attorney retains no personal First Amendment rights when representing his client in those proceedings." *Id*. at 720–21. "An attorney's speech in court and in motion papers has always been tightly cabined by various procedural and evidentiary rules, along with the heavy hand of judicial discretion." *Id*. at 717. "In fact, judges regularly fine attorneys, and even throw them in jail from time to time, as a direct consequence of attorneys' in-court speech, and it appears no circuit court has ever found this to violate the First Amendment." *Id*. Further, an attorney has no constitutional right, independent of his client, to pursue any claim. *Id*. at 720. "[T]hat the attorney has any permission to speak in a judicial

6

proceeding is entirely dependent upon his representation of a client; absent that client, the attorney is completely silenced." *Id*. at 719. As such, when an attorney disagrees with a decision of a trial judge, his sole remedy is in the judicial or appellate processes available in that case, "rather than to claim First Amendment protection." *Id*. Plaintiffs, therefore, were not engaged in any protected activity in the representation of their clients in the Baker Case (which representation was terminated before the sanctions order was entered).

Second, as noted above, the Baker Case sanctions order takes no action against the plaintiffs, makes no direct reference to any of the plaintiffs, and does not even use their names at any point. (*See* Ex. C to Compl., Sanctions Order.) The sanctions order simply dismisses plaintiffs' *former* client's complaint with prejudice, after plaintiffs were no longer representing that client. (*Id*.) As such, the Baker Case sanctions order is simply not an adverse action against these plaintiffs.

Finally, as a general matter, under Eighth Circuit precedent, defamation and reputational harms are legally insufficient to "chill a person of ordinary firmness from engaging in the protected activity." *See Zutz v. Nelson*, 601 F.3d 842, 849 (8th Cir. 2010). The Mezibov court dealt with this issue particularly in the context of an attorney claiming retaliation for his past representation of a client. "[A]n attorney in a highly publicized case . . . must be expected to endure some scrutiny for his actions." *Mezibov*, 411 F.3d at 722. Moreover, criticism of the attorney's conduct in a case "would spur the typical attorney to go out of his way to prove them wrong," not to refrain from representing his clients in those proceedings. *Id.* at 723. Here, plaintiffs have alleged that the Baker Case sanctions order is false, defamatory, and has harmed their reputation. Even if those allegations were in any way true, they would be insufficient to state a constitutional claim for retaliation as a matter of law.

### (b) Lack of state action

To support any constitutional claim, the defendant must be "a person acting under color of state law." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). "[T]he conduct of counsel generally does not constitute action under color of law." *Id.* at 1003; *see also Harley v. Oliver*, 539 F.2d 1143, 1146 n.8 (8th

7

Cir. 1976) ("An attorney's status as an 'officer of the court' does not make him an officer of the state or of a governmental subdivision thereof.  He is just another private individual for the purposes of Section 1983, and a professional act by him could not be considered an act done under color of state authority.").  Thus, when as here, the alleged basis for state action is a corrupt conspiracy with a state judge, "[t]he key inquiry is whether the private party was a willful participant in the corrupt conspiracy." *DuBose*, 187 F.3d at 1002.  A "wholly conclusionary" allegation of conspiracy that "is naked of any supporting facts" does not state a claim.  *Harley*, 539 F.2d at 1146.  Instead, plaintiffs must plead and prove facts to plausibly show "that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide facts which would establish a meeting of the minds." *Id.*  "A simple display of cordiality between a judge and the lawyer for one party" and "*ex parte* contact between the judge and these lawyers" are not sufficient to demonstrate the existence of a corrupt conspiracy for purposes of proving state action, even if these violate ethical norms. *Id.*  Further, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).  There are no such facts pled as to these defendants anywhere in plaintiffs' complaint in support of Count I or any other claim.

### *(c) Failure to allege conduct of these defendants necessary to support the claim*

Fatal to plaintiffs' claim is that none of the pled allegations have anything to do with these defendants, but rather only reference lawyers and parties in the Sutter Federal Case I. The entirety of plaintiffs' factual allegations[3] of a "retaliation" by some "corrupt conspiracy" are that (1) Efrem Neely (not a party here) is a former law partner of the Jefferson County circuit judge (Compl. ¶ 39); (2) "Neely was hired for the specific purpose of influencing [the Jefferson County circuit judge] and because he was black" (*Id.* ¶ 41); (3) the Jefferson County circuit judge typically recused from Neely's cases but did not in the

---

[3] Plaintiffs elsewhere include conclusory allegations reciting the requirements of a corrupt  conspiracy as outlined in *Dennis* and *DuBose* and baldly assert that these are met here, but legal conclusions and "formulaic recitation of the elements of a cause of action" do not have to be accepted as true and, instead, "may be properly set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)

Baker Case (*Id.* ¶ 42); (4) "Neely and [the Jefferson County circuit judge] met after hours at Neely's law office during the pendency of the Jefferson County litigation" and "communicated about the case *ex parte*" (*Id.* ¶¶ 47, 50); and (5) "Neeley (sic) then would contact Eric Bell (not a party here), or the Adamses (not parties here), to report what the decisions would be" (*Id.* ¶ 53). At most, and accepting these false and defamatory allegations as true only because the standard of review requires this Court to do so, plaintiffs have alleged only that defendant Neely and the Jefferson County circuit judge have a cordial relationship and communicated *ex parte* regarding the case. Under *DuBose* and *Harley*, those bare allegations are expressly insufficient to plausibly state a corrupt conspiracy and "state action" between *any* lawyers in the Baker Case and the Jefferson County circuit judge, and clearly not as to any of the defendants in this case. As such, plaintiffs' constitutional claims must be dismissed.

### *(d) plaintiffs' failure to exhaust judicial remedies in state court*

Count I of plaintiffs' complaint rests on allegations that the Baker Case sanctions and intervention orders were entered without providing plaintiffs their alleged procedural due process rights (Compl., ¶ 83). "Exhaustion of state remedies is necessary before any federal procedural due process allegations state a claim under § 1983." *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000). A party who has "not requested judicial review by a state appellate court" has "not exhausted the state remedies available." *Id.* A dismissal for failure to exhaust available judicial remedies is properly "made pursuant to Fed. R. Civ. P. 12(b)(1) because the case is not ripe for adjudication." *Id.*

Plaintiffs could have appealed from the denial of their motion to intervene in the Baker Case, and if successful in such an appeal, plaintiffs then would have been allowed to challenge the sanctions order in state court. *See Duffield v. Benton Cnty. Stone Co.,* 369 Ark. 314, 316, 254 S.W.3d 726, 728 (2007); *Pearson v. First Nat. Bank of DeWitt*, 325 Ark. 127, 131, 924 S.W.2d 460, 462 (1996) (reversing denial of intervention motion and ordering that intervenor be allowed to challenge order appointing receiver); (Ex. "A" to Motion, Jefferson County Docket). Because plaintiffs failed to exhaust available judicial remedies

9

in state court as to the Baker Case sanctions and intervention orders, this Court lacks jurisdiction over the procedural due-process claims asserted in Counts I of plaintiffs' complaint.

### (e) res judicata

If apparent from the face of the complaint, documents attached to the complaint, and public records, a res judicata defense may be raised by a motion to dismiss. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012). In determining whether res judicata applies, "[t]he law of the forum that rendered the first judgment controls the res judicata analysis." *Schwartz v. Bogen*, 913 F.3d 777, 781 (8th Cir. 2019). As such, Arkansas law controls defendants' res judicata defense because plaintiff' claims are based on the Baker Case sanctions order.

The doctrine of res judicata precludes a party from re-litigating a claim that has already been decided or could have been decided. *McAdams v. McAdams*, 357 Ark. 591, 595, 184 S.W.3d 24, 27 (2004). In Arkansas, the "test in determining whether res judicata applies is whether the matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein." *Am. Standard, Inc. v. Miller Eng'g, Inc.,* 299 Ark. 347, 351, 772 S.W.2d 344, 346 (1989); *Carmical v. City of Beebe*, 316 Ark. 208, 211, 871 S.W.2d 386, 388 (1994). There are five essential elements to a res judicata defense: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully conducted in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Jayel Corp. v. Cochran*, 366 Ark. 175, 178, 234 S.W.3d 278, 281 (2006). The key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted, or those in privity with that party, had a full and fair opportunity to litigate the issue in question. *Van Curen v. Ark. Prof'l Bail Bondsman Licensing Board*, 79 Ark. App. 43, 54, 84 S.W.3d 47, 55 (2002); *Brandon v. Ark. W. Gas Co*., 76 Ark. App. 201, 210, 61 S.W.3d 193, 199 (2001).

Here, the face of plaintiffs' complaint and documents attached to the complaint demonstrate that all five elements are met. As a result, this case must be dismissed on the basis of res judicata:

10

• First, under Arkansas law, a dismissal with prejudice is a final judgment on the merits for purposes of *res judicata*. *Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 474–75, 199 S.W.3d 45, 47 (2004); Curry v. Hanna, 228 Ark. 280, 283, 307 S.W.2d 77, 80 (1957) ("The rule appears to be well established that a 'dismissal with prejudice' is equivalent to a final judgment insofar as the application of res judicata is concerned."); *Seaboard Fin. Co. v. Wright*, 223 Ark. 351, 266 S.W.2d 70 (1954) (holding that a dismissal with prejudice is a "final adjudication on the merits" for purposes of res judicata.)  Further, "Arkansas follows the majority rule that a judgment is final for purposes of issue preclusion, despite a pending appeal for a review of the judgment, unless the appeal actually consists of a trial de novo." *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 637, 855 S.W.2d 941, 943 (1993).  Here, the Baker Case sanctions order dismissed the complaint in that matter with prejudice, and neither plaintiffs nor their former client appealed.  As a result, the first element of res judicata is satisfied here.

• Second, Arkansas circuit courts are "trial courts of original jurisdiction of all justiciable matters." Ark. Code Ann. §16-13-201(a); see also Ark. Const. Amend. 80, §6.  Thus, the Jefferson County Circuit Court had jurisdiction over the complaint in that matter.  The second element is satisfied.

• Third, these plaintiffs' former client was served with the Baker Case sanctions motion and appeared and defended that motion at a hearing.  (Ex. C to Compl., Baker Case Sanctions Order, 1–2, 6). Plaintiffs sought to intervene in that case in order to challenge that Order, and their motion was denied (Ex. "A" to Motion, Jefferson County Docket).  Plaintiffs chose not to appeal either ruling. Plaintiffs cannot now claim that they (or former client Gena Downey Baker, with whom they are in privity) did not have a full and fair opportunity to litigate the claims.  Additionally, as this Court has previously stated in the Sutter Federal Case I:

> Plaintiffs had two avenues to appeal the sanctions order in state court, neither of which they pursued. First, they may have been able to appeal the sanctions order directly given the injuries they attribute to it. See *Grinder v. Campbell*, 661 S.W.3d 675, 677 (Ark. 2023) (holding that a nonparty had "the right to appeal where he or she . . . has been aggrieved by the decision, or where he or she has a right sufficiently affected by the judgment") (citation omitted). Second, even if plaintiffs were initially unable to appeal the sanctions order, they could have done so after successfully appealing the denial of their motion to intervene. See *Duffield v. Benton*

11

*Cnty. Stone Co*., 254 S.W.3d 726, 728 (Ark. 2007) (recognizing the "right to appeal a denial of a motion to intervene as a matter of right").

*Sutter & Gillham PLLC v. Henry*, No. 23-CV-00078-BSM, 2023 U.S. Dist. LEXIS 223644, *2, 2023 WL 8700962 (E.D. Ark. Dec. 15, 2023). The third element is satisfied.

• Fourth, this lawsuit and the Baker Case involve the same claim or cause of action. "*Res judicata* bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies." *State Off. of Child Support Enf't v. Willis*, 347 Ark. 6, 13, 59 S.W.3d 438, 443 (2001). Here, this complaint arises out of the same basic incident, the death of James Luke Baker, as the complaint and amended complaint in the Baker Case. Indeed, the prayer to plaintiffs' complaint here expressly seeks a declaratory judgment as to the cause of Baker's death, and paragraph 30 of the complaint here largely quotes from the statement of facts in the Baker Case complaint. (Compl. ¶ 30, with Ex A. to Compl, Jefferson County Compl. ¶¶ 6–33 and Ex. "B" to Motion, Jefferson County Am. Compl. ¶¶ 7–31). Moreover, the Baker Case sanctions order specifically addressed the litigation conduct of the plaintiffs in that case and their attorneys, and plaintiffs here seek to challenge those findings as false. (Compl. ¶ 96). The fourth element is satisfied.

• Finally, this lawsuit involves the same parties or those in privity with them as the Baker Case. An attorney-client relationship is sufficient to satisfy the privity requirement of res judicata. *Jayel Corp. v. Cochran,* 366 Ark. 175, 182, 234 S.W.3d 278, 284 (2006). "Privity exists for purposes of *res judicata* when two parties are so identified with one another that they represent the same legal right." *Id.* at 281. Arkansas appellate courts, further, "have never required strict privity in the application of *res judicata*, but instead have supported the idea that there must be a 'substantial identity of parties' to apply the doctrine." *Francis v. Francis*, 343 Ark. 104, 113, 31 S.W.3d 841, 846 (2000). Plaintiffs here were counsel of record for plaintiff Gena Downey Baker in the Baker Case. Defendants here were all counsel of record to various defendants in the Baker Case. The fifth element is satisfied.

12

In sum, all of the elements of res judicata are satisfied, and plaintiffs are barred from any further attempt to litigate this matter.  As a result, plaintiffs' complaint should be dismissed.

### *(f) waiver*

"A waiver of constitutional rights is effective if it is clear and intentional."  *United States v. Lee*, 374 F.3d 637, 649 (8th Cir. 2004).  Likewise, as noted above, "[e]xhaustion of state remedies is necessary before any federal procedural due process allegations state a claim under § 1983."  *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000).  Here, plaintiffs' complaint documents numerous acts of waiver and failure to exhaust available state remedies:

• First, with full knowledge of Neely's alleged relationship with the Jefferson County circuit judge, plaintiffs expressly allege that they had their former client waive "any conflict caused by Neely's entry into the case." (Compl., ¶ 44).  That relationship, however, is the sole basis for the alleged corrupt conspiracy (claimed to involve the Jefferson County circuit judge and non-parties to this case) upon which plaintiffs' complaint is based. Defendants in the Baker Case actually made an oral motion at hearing for the circuit judge to recuse which was denied, and plaintiff Mr. Sutter specifically told the court on the record, "we've got no problem with you," and "Judge on behalf of the plaintiffs, we waive any conflict you may or may not have." *Kerry Baker et al. v. Bryan Adams et al.,* No. CV-22-102 (Ark. Ct. App.), Record Transcript Vol. 1, at RT 13-16, 31-38 (transcript of Feb. 21, 2019 hearing).

• Second, plaintiffs' voluntarily withdrew from the Baker Case.  (Ex. H to Compl., Baker Case Reply to Response to Motion to Intervene, p. 4 (noting date of withdrawal as February 6, 2020)).  Plaintiffs gave up any right to receive notice of or participate in further proceedings that sought no relief from them after their withdrawal.

• Finally, as discussed above, plaintiffs failed to exhaust available state remedies by failing to appeal the denial of their motion to intervene in the Baker Case.

By plaintiffs' own allegations, their constitutional claims have been waived and should be dismissed.

**COUNT II – CONSPIRACTY TO VIOLATE CONSTITUTIONAL RIGHTS**

***(a) Failure to plead facts of the required elements***

Count II is a claim that some undefined collection of defendants and others engaged in a conspiracy with the Jefferson County circuit judge to have the Baker Case sanctions order entered without affording plaintiffs "their procedural due process rights." "To set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or property interest is at stake. Second, the plaintiff must prove that the defendant deprived him of such an interest without due process of law." *Schmidt v. Des Moines Pub. Sch.,* 655 F.3d 811, 817 (8th Cir. 2011).

Plaintiffs have not adequately alleged that the Baker Case sanctions order deprived them of any property or liberty interest. As noted elsewhere, the sanctions order simply dismissed with prejudice the Baker Case complaint filed by these plaintiffs' former client. (Ex. C to Compl., Baker Case Sanctions Order). The sanctions order did not deprive plaintiffs of their right to practice law or pursue their profession. (*See* Compl. ¶¶ 113). Nor did the sanctions order deprive plaintiffs of any property right by virtue of contingency-fee contract or attorneys' lien. (*Id*. ¶¶ 88-90). To that end, before the motion was filed and sanctions order was entered, plaintiffs had already voluntarily withdrawn as counsel in the Baker Case, giving up any ability they had to control the outcome of that matter, and their client had already elected to dismiss her lawsuit. (Ex. H to Compl., Baker Case Reply to Response to Motion to Intervene, p. 4 (noting date of withdrawal as February 6, 2020)). Plaintiffs were never going to recover a fee from the Baker Case, so the sanctions order did not and could not have deprived them of an interest in such fee.

Likewise, plaintiffs' complaint does not identify under any law or rule of civil procedure why attorneys who had already withdrawn from a matter would be entitled to any notice or opportunity to be heard on a sanctions motion that neither sought nor obtained relief from the attorneys. The allegation is nonsensical.  Again, plaintiffs here are conflating their former client's interests in her claim that was dismissed with their own. The sanctions order was against plaintiffs' former client, and plaintiffs' former

14

client was provided with both notice and took her opportunity to be heard. Plaintiffs had no constitutional right to participate in an action where they no longer represented a party.

### (b) Lack of state action

As with Count I, there are likewise no factual allegations of "state action" by any of these defendants in support of Count II. Plaintiffs' sole allegations are the recitation of the elements by "group allegations" with the simple conclusion that "Defendants all acted under color of state law" (Compl., ¶ 93) and "[e]ach Defendant was a willful participant in the corrupt conspiracy which resulted in the order Judge Guynn gladly signed." (Compl., ¶ 103). Yet, there are no factual allegations as to any defendant, and the remainder of the complaint describing the "corrupt conspiracy" only describes conduct of non-parties to this litigation; not these defendants (*See* Compl., ¶¶ 39-53).

As stated above, to support any constitutional claim, the defendant must be "a person acting under color of state law." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). "[T]he conduct of counsel generally does not constitute action under color of law." *Id.* at 1003. Thus, when as here, the alleged basis for state action is a corrupt conspiracy with a state judge, "[t]he key inquiry is whether the private party was a willful participant in the corrupt conspiracy." *Id*. at 1002. A "wholly conclusionary" allegation of conspiracy that "is naked of any supporting facts" does not state a claim. *Harley*, 539 F.2d at 1146. Instead, plaintiffs must plead and prove facts to plausibly show "that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide facts which would establish a meeting of the minds." *Id.* "A simple display of cordiality between a judge and the lawyer for one party" and "*ex parte* contact between the judge and these lawyers" are not sufficient to demonstrate the existence of a corrupt conspiracy for purposes of proving state action, even if these violate ethical norms. *Id.* Further, and most importantly, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Plaintiffs' complaint is devoid of allegations supporting a claim of state action by these defendants necessary to state a claim under Count II.

#### (c) Failure to allege conduct of these defendants necessary to support the claim

Just as indicated with regard to no allegations of "state action" of these defendants with regard to any "corrupt conspiracy," there are no factual allegations plead that any of these defendants engaged in a "corrupt conspiracy" with the Jefferson County judge. The entirety of Paragraphs 87 – 117 of Count II make reference to several defendants in the Sutter Federal Case I, but do not even mention these defendants or how any alleged conduct of these defendants could possibly satisfy the required elements of Count II.

#### (d) plaintiffs' failure to exhaust judicial remedies in state court

Count II also rests on allegations that the Baker Case sanctions and intervention orders were entered without providing plaintiffs their alleged procedural due process rights.  (*See* Compl., ¶¶ 113, 116.) "Exhaustion of state remedies is necessary before any federal procedural due process allegations state a claim under § 1983." *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000).  (See argument and law set forth at pp. 9-10, *supra* and incorporated herein). For those same reasons, because plaintiffs failed to exhaust available judicial remedies in state court as to the Baker Case sanctions and intervention orders, this Court lacks jurisdiction over the procedural due-process claims asserted in Count II of plaintiffs' complaint.

#### (e) res judicata

For the same reasons as set forth with regard to Count I and which are incorporated with regard to Count II of plaintiffs' complaint, this Count must also be dismissed on the basis of *res judicata*. The doctrine of res judicata precludes a party from re-litigating a claim that has already been decided or could have been decided.  *McAdams v. McAdams*, 357 Ark. 591, 595, 184 S.W.3d 24, 27 (2004).  Count II is based upon plaintiffs' claim that the Baker Case sanctions order deprived them of due process (*See* Compl. ¶¶95 - 96). All five elements of the res judicata defense are met with regard to Count II. *Jayel Corp. v. Cochran*, 366 Ark. 175, 178, 234 S.W.3d 278, 281 (2006).

• First, under Arkansas law, a dismissal with prejudice is a final judgment on the merits for purposes of *res judicata*.  *Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 474–75, 199 S.W.3d 45, 47 (2004).

16

Here, the Baker Case sanctions order dismissed the complaint in that matter with prejudice, and neither plaintiffs nor their former client appealed.  As a result, the first element of res judicata is satisfied here.

• Second, Arkansas circuit courts are "trial courts of original jurisdiction of all justiciable matters." Ark. Code Ann. §16-13-201(a); see also Ark. Const. Amend. 80, §6.  Thus, the Jefferson County Circuit Court had jurisdiction over the complaint in that matter.  The second element is satisfied.

• Third, these plaintiffs' former client was served with the Baker Case sanctions motion and appeared and defended that motion at a hearing.  (Ex. C to Compl., Baker Case Sanctions Order, 1–2, 6). Plaintiffs sought to intervene in that case in order to challenge that Order, and their motion was denied (Exhibit "A" to Motion, Jefferson County Docket, August 3, 2021 Order). Plaintiffs chose not to appeal either ruling. *Sutter & Gillham PLLC v. Henry*, 2023 U.S. Dist. LEXIS 223644, *2, 2023 WL 8700962. The plaintiffs had a good faith opportunity to participate under Arkansas law and challenge rulings that were not to their liking. The third element is satisfied.

• Fourth, this lawsuit and the Baker Case involve the same claim or cause of action.  "*Res judicata* bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated.  Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies." *State Off. of Child Support Enf't v. Willis*, 347 Ark. 6, 13, 59 S.W.3d 438, 443 (2001).  The Baker Case sanctions order is exactly what the plaintiffs seek to relitigate here. The fourth element is satisfied.

• Finally, this lawsuit involves the same parties or those in privity with them as the Baker Case.  An attorney-client relationship is sufficient to satisfy the privity requirement of res judicata.  *Jayel Corp. v. Cochran,* 366 Ark. 175, 182, 234 S.W.3d 278, 284 (2006).  Plaintiffs here were counsel of record for plaintiff Gena Downey Baker in the Baker Case.  Defendants here were all counsel of record to various defendants in the Baker Case.  The fifth element is satisfied.

In sum, all of the elements of res judicata are satisfied, and plaintiffs are barred from any further attempt to litigate this matter.  As a result, Count II of plaintiffs' complaint should be dismissed.

17

### *(f) waiver*

"A waiver of constitutional rights is effective if it is clear and intentional." *United States v. Lee*, 374 F.3d 637, 649 (8th Cir. 2004). Likewise, as noted above, "[e]xhaustion of state remedies is necessary before any federal procedural due process allegations state a claim under § 1983." *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000). For the same reasons of waiver of conflict, withdrawal from the case and failure to appeal the adverse rulings of which they now complain as set forth at pp. 9, 10 & 13, *supra*, by plaintiffs' own allegations, their constitutional claims have been waived and should be dismissed.

## COUNT III – DEFAMATION

### *(a) Failure to plead facts of the required elements*

The elements of defamation are the same "whether it be by the spoken word (slander) or the written word (libel)." *Faulkner v. Arkansas Children's Hosp*., 347 Ark. 941, 955, 69 S.W.3d 393, 402 (2002). Those elements are:

(1) The defamatory nature of the statement of fact;

(2) That statement's identification of or reference to the plaintiff;

(3) Publication of the statement by the defendant;

(4) The defendant's fault in the publication;

(5) The statement's falsity; and

(6) Damages.

*Id*. at 955–56, 69 S.W.3d at 402 - 403. To plead a claim for defamation, a plaintiff must identify the defamatory statements with specificity, identify the manner of publication, and allege that defendant published the statements to a nonprivileged recipient. *Freeman v. Bechtel Const. Co*., 87 F.3d 1029, 1032 (8th Cir. 1996) (applying Arkansas law).

Failure to allege these essential elements of defamation requires dismissal of the claim. *See e.g., Graham v. Bryce Corp*., 348 F. Supp. 2d 1038, 1043 (E.D. Ark. 2004) (dismissing defamation claim

because complaint failed to "allege who made and published the remarks, to whom they were published, or what was said"); *Richardson v. Booneville Sch. Dist.*, 766 F. Supp. 2d 910, 918 (W.D. Ark. 2011) (dismissing defamation claim because the plaintiff did not plead what false representation of a material fact had been made, who made the statement, when it was made, or that anyone acted upon reliance of the statement); *Whitehead v. Delta Beverage Grp., Inc.*, No. 06-6041, 2006 WL 3806389, at *3 (W.D. Ark. Dec. 27, 2006), *aff'd sub nom. Whitehead v. Vaughn*, 273 F. App'x 581 (8th Cir. 2008) (dismissing defamation claim where the plaintiff did not provide any defamatory statements, proof of any publication of any defamatory statement, or proof of any actual damages resulting from the alleged defamatory statements); *Faulkner*, 347 Ark. at 957, 69 S.W.3d at 404 (affirming dismissal of defamation claim where the appellant did not plead "specific facts demonstrating that she has suffered actual damage to her reputation, but has only pled a conclusion to that effect"); *Pingatore v. Union Pac. R.R. Co.,* 2017 Ark. App. 459, 12, 530 S.W.3d 372, 379 (affirming dismissal of defamation claim where the appellant did not identify any false statement that the appellees made); *Robertson v. Daniel*, 2013 Ark. App. 160, 5–6 (affirming dismissal of defamation claim where the "appellant alleged no specific facts demonstrating actual damage to his reputation or profession").

### *(b) failure to allege conduct of these defendants necessary to support the claim*

Not only have the basic elements of the tort not been pled, Plaintiffs' Count III comes nowhere close to stating allegations against any one of these defendants for "defamation." Plaintiffs' sole pled allegation in support of the claim of defamation is one sentence: "One or more Defendants made defamatory statements outside the pleadings[4] in order to destroy S&G" (*See* Compl. ¶120). No defendant is identified. No statement is identified. No publication is identified. No date of publication is identified.

### *(c) attorney immunity of Ark. Code Ann. §16-114-303*

---

[4] Plaintiffs recognize that only out-of-court statements can support a claim of defamation. Arkansas law recognizes an absolute privilege in statements made in connection with a legal proceeding. *Pogue v. Cooper*, 284 Ark. 202, 206, 680 S.W.2d 698, 700 (1984). Thus, plaintiffs' defamation claim can be based only on defendants' out-of-court statements.

Because these defendants are attorneys, under Ark. Code Ann. §16-114-303, they are immune from liability from any statement made in connection with professional services unless that statement constitutes fraud or an intentional misrepresentation:

> No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas-licensed attorneys or any of its employees, partners, members, officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person, partnership, or corporation, except for: (1) Acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations[.]

Ark. Code Ann. § 16-22-310(a); *see also Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at 5, 372 S.W.3d 324, 330 ("This court has made it clear that the immunity statute protects attorneys from civil liability from those not in privity of contract with them for actions taken during the course of their employment as attorneys."). *Holmes v. LVNV Funding L.L.C.,* No. 09-cv-00319-SWW, 2009 U.S. Dist. LEXIS 143450 (E.D. Ark. Oct. 28, 2009) (holding the Arkansas attorney immunity statute barred defamation claim). This means that any statement attributable to one or more of these defendants that was made in connection with professional services is not actionable if the unidentified defendant making the unidentified statement was making the statement only as an intentional misrepresentation.

Plaintiffs have not identified any statement upon which Count III is based, much less a statement constituting "fraud or an intentional misrepresentation" which, of course, must be pled with specificity per Rule 9 of the Federal Rules of Civil Procedure. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) ("A complaint subject to Rule 9(b) 'must identify who, what, where, when, and how'... It must 'specify the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'").

### (d) expiration of statute of limitations

Slander (oral defamation) claims are subject to a one-year statute of limitations. Ark. Code Ann. § 16-56-104(3). Plaintiffs' complaint was filed on June 3, 2024, so to the extent plaintiffs claim that any out-

of-court oral statement of any defendant is the basis of their defamation claim, that statement must have been made on or after June 3, 2023. Libel (written defamation) claims are subject to a three-year statute of limitations. Ark. Code Ann. § 16-56-105(5). So, to the extent plaintiffs claim that any out-of-court written statement of any defendant is the basis of their defamation claim, that statement must have been made on or after June 3, 2021. There is simply no "statement" that can be attributed to any of these defendants within the applicable statute of limitations identified anywhere in plaintiffs' complaint.

In sum, plaintiffs' complaint does not allege what out-of-court statements are at issue in their defamation claim, who made them, when they were made, how they were published, to whom, that the statements were untrue, and what damage was suffered as a result of any such statement. Plaintiffs' defamation claim should be dismissed as a matter of law.

**COUNT IV – INTERFERENCE WITH CONTRACTS**

### *(a) Failure to plead facts of the required elements*

Count IV of the plaintiffs' complaint is a claim for intentional interference with a contract or business expectancy.  As a preliminary matter, plaintiffs' complaint expressly limits Count IV to non-parties Williams, Henry, WLJ, and the Adamses. (Compl. ¶ 125, 126). As this claim expressly is not asserted as to any of the defendants in this case, it should be dismissed as to them.  There are simply no facts pled as to any of these defendants, and it is clear that no such claim has been asserted against any of them.

The elements of a claim for intentional interference with a contract or business expectancy are:

(1) The existence of a valid contractual relationship or a business expectancy;

(2) Knowledge of the relationship or expectancy on the part of the interferor;

(3) Intentional interference inducing or causing a breach or termination of the relationship or expectancy; and

(4) Resultant damage to the party whose relationship or expectancy has been disrupted.

*Mid-South Beverages, Inc. v. Forrest City Grocery Co.*, 300 Ark. 204, 205, 778 S.W.2d 218, 219 (1989).

21

In addition, the defendant's conduct must be improper. *Baptist Health v. Murphy*, 365 Ark. 115, 125, 226 S.W.3d 800, 809 (2006). Arkansas courts consider the following factors in determining whether the interference was "improper":

> (1) the nature of the actor's conduct; (2) the actor's motive; (3) the interests of the other with which the actor's conduct interferes; (4) the interests sought to be advanced by the actor; (5) the social interests in protecting the freedom of the actor and the contractual interests of the other; (6) the proximity or remoteness of the actor's conduct to the interference; and (7) the relations between the parties.

*Id.* "The real question is whether the actor's conduct was fair and reasonable under the circumstances." *Hayes v. Advanced Towing Servs., Inc.,* 73 Ark. App. 36, 44, 40 S.W.3d 800, 804-05 (2001) (quoting Restatement (Second) of Torts § 767 cmt. j (1979)).

Here, plaintiffs' tortious-interference claim is based on the Baker Case sanctions order and "defamatory statements outside the pleadings." (Compl., ¶ 127). Even if this Count could somehow be deemed to apply to these defendants even though not referenced, these attorney defendants cannot be liable for the Baker Case sanctions order, as any statements made by them in that litigation are absolutely privileged. *Pogue v. Cooper,* 284 Ark. 202, 206, 680 S.W.2d 698, 700 (1984). Moreover, plaintiffs' complaint does not identify what "defamatory statements outside the pleadings" are referenced (or who made them, when they were made, to whom they were made, etc.), so plaintiffs have not adequately alleged any improper conduct on the part of these defendants, that such conduct was intended to harm any contract or business expectancy of the plaintiffs, or that these defendants' conduct was the cause of any of plaintiffs' damages. In fact, as stated above, these defendants are excluded from this claim.

Further, "[i]t is elementary that some precise business expectancy or contractual relationship [must] be obstructed by the" defendant's actions. *Country Corner Food & Drug, Inc. v. First State Bank & Tr. Co. of Conway, Arkansas,* 332 Ark. 645, 654, 966 S.W.2d 894, 898 (1998). When the complaint does not identify the specific contract or business expectancy with which the defendant *intended* to interfere, the complaint does not state a claim under Arkansas law. *Id*. Here, plaintiffs' complaint identifies the relationship at issue as their attorney-client relationship with Lee Davis, who allegedly "fired the Plaintiffs

22

without cause," and unidentified "many others." (Compl., ¶ 127). "[M]any others" does not suffice to state a claim, leaving this claim resting entirely on plaintiffs' alleged relationship with Lee Davis. Plaintiffs never allege anywhere, however, that any of these defendants knew of plaintiffs' relationship with Lee Davis or that they, or any defendant took any action intended to interfere with plaintiffs' relationship with Lee Davis.

### (b) Failure to allege conduct of these defendants necessary to support the claim

As indicated, this claim expressly is not asserted as to any of the defendants in this case and it should be dismissed as to them. There are simply no facts pled as to any of these defendants, and it is clear that no such claim has been asserted against any of them.

### (c) Attorney immunity of Ark. Code Ann. §16-114-303

Because these defendants are attorneys, under Ark. Code Ann. §16-114-303, they are immune from liability from any statement made or conduct taken in connection with professional services unless that statement or conduct constitutes "fraud" or an "intentional misrepresentation." Any statement or conduct intended to be attributable to one or more of these defendants that was made or taken in connection with professional services is not actionable if these defendants were acting in any manner less than intentionally fraudulent. Plaintiffs have not identified any statement or action upon which Count IV is based, much less a statement or action on the part of any of these defendants constituting "fraud or an intentional misrepresentation" (which of course must be pled with the specificity of "who, what, where, when and how" per Rule 9, Fed. R. Civ. Pro. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)).

## COUNT V – ABUSE OF PROCESS / MALICIOUS PROSECUTION

### (a) Failure to plead facts of the required elements

Count V of plaintiffs' complaint purports to assert claims of both malicious prosecution and abuse of process against defendants based on the filing of a counterclaim by non-parties Chris Burks, Brandon Haubert, and WH Law, PLC in the Sutter/Westbrook Saline County action. No actions of any of these defendants are identified, as discussed below. (Compl., ¶¶ 130 - 135). A malicious prosecution claim

"concentrate[s] on facts that occurred before the action was commenced," while an abuse-of process claim "focus[es] on facts occurring after the institution of the action." *Forrest City Mach. Works, Inc. v. Mosbacher*, 312 Ark. 578, 583, 584, 851 S.W.2d 443, 446 (1993).

To establish a claim for malicious prosecution, a plaintiff bears the burden of proving the following elements:

(1) A proceeding instituted or continued by the defendant (to the malicious prosecution action) against the plaintiff;

(2) Termination of the proceedings in favor of the plaintiff;

(3) Absence of probable cause for the proceedings;

(4) Malice on the part of the defendant; and

(5) Damages.

*Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 324 Ark. 361, 368, 922 S.W.2d 327, 331 (1996).

As to the first element, the "proceeding" is usually a criminal prosecution; however, a civil action may also be the basis for a malicious prosecution action. *Compare Machen Ford-Lincoln-Mercury , Inc. v. Michaelis*, 284 Ark. 255, 259, 681 S.W.2d 326, 329 (1984) (criminal prosecution for hot checks), *with Forrest City Mach. Works, Inc. v. Mosbacher*, 312 Ark. 578, 851 S.W.2d 443 (1993) (civil action for foreclosure). Likewise, the second element may be established through any means of terminating the proceedings, whether voluntary or involuntary. *See, e.g., Milton Hambrice, Inc. v. State Farm Fire & Cas. Ins. Co*., 114 F.3d 722, 724 (8th Cir. 1997) (original suit was voluntarily dismissed); *Reynolds v. Holmes*, 232 Ark. 783, 786, 340 S.W.2d 383, 386 (1960) (original criminal prosecution resulted in an acquittal). However, the termination must be conclusive, meaning that a dismissal without prejudice does not constitute a termination for malicious prosecution purposes. *See Farm Serv. Coop., Inc. v. Goshen Farms, Inc.,* 267 Ark. 324, 335, 590 S.W.2d 861, 867 (1979).

Most "malicious prosecution" litigation has centered on the absence of probable cause and malice elements. If the original action was a civil suit, probable cause requires "such a state of facts or credible information which would induce an ordinarily cautious person to believe that his lawsuit would be

24

successful." *McWilliams v. Schmidt*, 76 Ark. App. 173, 187, 61 S.W.3d 898, 909 (2001). To have a probable-cause basis to file a lawsuit, a person must have, at the time of filing the original suit, a reasonable opinion that "the chances are good that a court will decide the suit in his favor." *Id.*

Malice means "any improper or sinister motive for instituting the suit." *Milton Hambrice, Inc.,* 114 F.3d at 725. Malice may be inferred from a lack of probable cause, but an absence of probable cause does not create a presumption of malice. *Id*. On the other hand, if probable cause is proven, the malicious prosecution claim must fail even if the original action was prosecuted maliciously. *Carmical v. McAfee*, 68 Ark. App. 313, 327, 7 S.W.3d 350, 359 (1999). Acting on the advice of counsel is conclusively presumed to be reasonable; thus, a defendant who made a full disclosure to his or her attorney of all facts then known and initiated the original proceeding upon the advice of counsel has a complete defense to a malicious prosecution claim. *McWilliam*s, 76 Ark. App. at 186-87, 61 S.W.3d at 909.

In an abuse-of-process claim, the plaintiff bears the burden of proving each of the following essential elements:

(1) A legal procedure set in motion in proper form, even with probable cause, and even with ultimate success; but

(2) Perverted to accomplish an ulterior purpose for which it was not designed;

(3) A willful act in the use of process not proper in the regular conduct of the proceeding; and

(4) Damages.

*Wynn v. Remet*, 321 Ark. 227, 233, 902 S.W.2d 213, 217 (1995). Thus, where malicious prosecution focuses on whether there was probable cause to begin or continue a lawsuit, abuse of process lies when an otherwise proper legal procedure is used for an ulterior, improper purpose. *Lewis v. Burdine*, 240 Ark. 821, 824, 402 S.W.2d 398, 399 (1966). Examples of abuse of process include: "(1) willful and malicious arrest of plaintiff when his innocence is known; (2) personal service procured by fraud; (3) excessive execution on a judgment; (4) vexatious and oppressive suits in a foreign jurisdiction, and (5) attachment or garnishment for a greatly excessive amount." *Farm Serv. Coop.,* 267 Ark. at 337, 590 S.W.2d at 868. Abuse of process is a "narrow tort" and does not extend to the mere filing of a vexatious action or claim, but instead requires

issuance of process after the initiation of the suit. *Union Nat'l Bank of Little Rock v. Kutait*, 312 Ark. 14, 17, 846 S.W.2d 652, 654 (1993).

#### (b) Failure to allege conduct of these defendants necessary to support the claim

It is impossible to apply the above elements (which have not been pled) to any instances of conduct specific to any of these defendants (which have also not been pled). Plaintiffs' claim is based on the improper filing and pursuit of a counterclaim in Sutter/Westbrook Saline County action, but none of these defendant attorneys were parties or counsel for David Westbrook in that action, nor are they alleged to be. They did not file that action, they did not file any pleadings in that action, and there are no facts alleged that any of them participated in the Saline County action at all. These defendants are not even alleged to have played any role in the Sutter/Westbrook Saline County action whatsoever. Only non-parties to this case are identified with regard to Count V, and are the only persons alleged to have had a role in that action by allegedly making an attorney referral of Westbrook to Burks, Haubert, and WH Law and in allegedly approving of defendant Neely's alleged conversations with Westbrook. (Compl. ¶¶ 12, 55). Plaintiffs have not alleged that any action of any of these defendants was even a factor in a decision to file or not file Westbrook's counterclaim in the Sutter/Westbrook Saline County action. Plaintiffs have simply not stated a claim against these defendants.

As to abuse of process, plaintiffs have not alleged any use of any legal process in the Sutter/Westbrook Saline County action, let alone process that these defendants somehow caused to be issued or abused. Without any allegation of process that was abused, or even used, after the initiation of the Westbrook counterclaim, plaintiffs have simply not stated a claim for abuse of process against these defendants. *See Farm Credit Leasing Servs. Corp. v. Smith*, No. 4:19-CV- 00280-KGB, 2021 WL 1209359, at *4 (E.D. Ark. Mar. 30, 2021).

#### (c) Attorney immunity of Ark. Code Ann. §16-114-303

Again, because these defendants are attorneys, under Ark. Code Ann. §16-114-303, they are immune from liability from any statement made or conduct taken in connection with professional services

unless that statement or conduct constitutes "fraud" or an "intentional misrepresentation." *See Born v. Hosto & Buchan, PLLC*, 2010 Ark 292, 372 S.W. 3d 324 (stating "the Circuit judge properly dismissed the abuse of process claim [ ] based on" the attorney immunity statute); *Kimbro Stephens Ins. Tr. V. Smith,* 2021 Ark. App 127 (affirming dismissal of abuse of process claim as barred by the attorney immunity statute). Any statement or conduct intended to be attributable to one or more of these defendants that was made or taken in connection with professional services is not actionable if these defendants were acting in any manner less than intentionally fraudulent.  Plaintiffs have not identified any statement or action upon which Count V is based, much less a statement or action on the part of any of these defendants constituting "fraud or an intentional misrepresentation" (which of course must be pled with the specificity of "who, what, where, when and how" per Rule 9, Fed. R. Civ. Pro. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)).

### (d) Expiration of statute of limitations

The counterclaim of Westbrook against the plaintiffs in the Sutter/Westbrook Saline County action upon which plaintiffs' claims of "malicious prosecution" and "abuse of process" is alleged to be based was filed of public record on February 4, 2020 (Compl., ¶130).  This case was filed June 3, 2024, more than three years after that date.  Malicious prosecution and abuse of process claims are subject to a three-year statute of limitations. Ark. Code Ann. § 16-56-105. *Parkhurst v. Tabor*, No. 07-2068, 2008 U.S. Dist. LEXIS 44619, *8, 2008 WL 2323928 (W.D. Ark. June 2, 2008).  Count V should be dismissed upon this basis as well.

## COUNT VI – CIVIL CONSPIRACY / BARRATRY

### (a) Failure to plead facts of the required elements since no underlying tort exists

Count VI of plaintiffs' complaint alleges that "two or more" unidentified defendants engaged in a civil conspiracy to apparently commit the tort of "barratry," although the allegations are not clear.  Again, none of the defendants are named or identified, the only referenced persons engaging in this "conspiracy" are non-parties to this case, and the allegations relate to the non-parties filing a counterclaim in the

27

Sutter/Westbrook Saline County action (Compl., ¶¶136-148). "A civil conspiracy is a combination of two or more persons to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, by unlawful, oppressive or immoral means, to the injury of another." *Mason v. Funderburk*, 247 Ark. 521, 529, 446 S.W.2d 543, 548 (1969). "A plaintiff alleging a claim for civil conspiracy must state a prima facie case for the underlying tort in order to support a conspiracy claim." *Edwards v. Camden Operations, LLC*, No. 17-CV-01054, 2018 U.S. Dist. LEXIS 120314, *28, 2018 WL 3478905 (W.D. Ark. July 19, 2018). This claim requires that plaintiffs plead and prove facts to support the following essential elements:

(1) Defendants knowingly entered into a conspiracy;

(2) All of the essential elements of an intentional tort as to one of the defendants;

(3) At least one of the defendants committed one or more overt acts in furtherance of the alleged conspiracy; and

(4) The conspiracy proximately caused damages to plaintiffs.

AMI Civil 714 Issues–Civil Conspiracy.

Most fundamentally, plaintiffs' civil conspiracy claim fails because what seems to be the only asserted underlying intentional tort -- "barratry" --does not even exist under Arkansas law.[5] In 1857, the Arkansas Supreme Court held there were no Arkansas common-law claims for barratry (or the related claims of "champerty" or "maintenance"), and any such restrictions could be set only by statute. *Lytle v. State*, 17 Ark. 608, 678 (1857), *aff'd,* 63 U.S. 193 (1859). Arkansas's current barratry and maintenance statute does not apply to Arkansas lawyers. *See* Ark. Code Ann. § 16-22-208 (prohibiting barratry and maintenance by "Anyone, not a member of the Bar of Arkansas"). Indeed, the only Arkansas cases using the term "barratry" after 1857 found that Arkansas's attempts at statutes prohibiting barratry, including by Arkansas lawyers, were unconstitutional. *See Bennett v. Nat'l Ass'n for Advancement of Colored People*, 236 Ark. 750, 757, 370 S.W.2d 79, 83 (1963) (finding barratry statute, passed as part of raft of litigation

---

[5] "Barratry" is the "[v]exatious incitement to litigation, esp. by soliciting potential legal clients." *Black's Law Dictionary* (11th ed. 2019).

targeting the NAACP's civil rights work, was an unconstitutional violation of the NAACP's First Amendment rights to freedom of speech and association, as found in *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415 (1963)); *Hoban v. Hall*, 229 Ark. 416, 419, 316 S.W.2d 185, 187 (1958) (finding that proposed "barratry" ballot measure failed to meet requirements of Arkansas constitution). *See also* Ark. Const. Amend. 28 (stating the Supreme Court, not the Legislature, regulates the practice of law). Today, the only restrictions on "barratry" that are applicable to Arkansas lawyers are set by the Arkansas Rules of Professional Conduct. *See, e.g.,* Ark. R. Prof'l Conduct 1.8, cmt. 16. Arkansas does not allow a civil conspiracy claim to be based on an alleged violation of the Arkansas Rules of Professional Conduct. *See Allen v. Allison*, 356 Ark. 403, 414, 155 S.W.3d 682, 690 (2004). With a failure to plead a cognizable underlying tort per Arkansas law, plaintiffs' Count VI for "Civil Conspiracy/Barratry" fails to state a claim. *See Edwards v. Camden Operations, LLC*, 2018 U.S. Dist. LEXIS 120314, *28, 2018 WL 3478905.

### (b) Failure to allege conduct of these defendants necessary to support the claim

Plaintiffs have, once again, failed to plead any facts to support their conspiracy claim as to these defendants. For example, the complaint does not disclose or identify (1) which of the defendants is within the "one or more" allegations, (2) the date on which defendants entered into the alleged conspiracy, (3) what actions each such person took to enter into the conspiracy, (4) the individual or entity that committed an identified tort, (5) any overt acts taken in furtherance of the alleged conspiracy by any defendant, (6) the date any such action was taken, (7) the individual who took any such action, or (8) any facts to support the contention the alleged conspiracy caused plaintiffs' alleged damages. Plaintiffs' complaint merely pleads conclusions, not facts, in support of their conspiracy claim, and none of those even reference any of these defendants.

### (c) Attorney immunity of Ark. Code Ann. §16-114-303

Again, because these defendants are attorneys, under Ark. Code Ann. §16-114-303, they are immune from liability from any statement made or conduct taken in connection with professional services

unless that statement or conduct constitutes "fraud" or an "intentional misrepresentation." Any statement or conduct intended to be attributable to one or more of these defendants that was made or taken in connection with professional services is not actionable if these defendants were acting in any manner less than intentionally fraudulent. Plaintiffs have not identified any statement or action upon which Count VI is based, much less a statement or action on the part of any of these defendants constituting "fraud or an intentional misrepresentation" (which of course must be pled with the specificity of "who, what, where, when and how" per Rule 9, Fed. R. Civ. Pro. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)).

### *(e) Expiration of statute of limitations*

"Civil conspiracy is not a separate tort but borrows its limitations period from the underlying cause of action." *Mt. Home Flight Serv. v. Baxter County*, 2012 U.S. Dist. LEXIS 84471, *7, 2012 WL 2339722. Since "barratry" is not a recognized tort, it has no specified statute of limitations, however if it was an actual intentional tort, it would be governed by the three-year statute of limitations of Ark. Code Ann. § 16-56-105 ("all actions founded upon any…liability not under seal and not in writing…"). With no date referenced other than Westbrook's counterclaim in the Sutter/Westbrook Saline County action, filed February 4, 2020 (Compl., ¶130), plaintiffs' Count VI is likewise barred by the statute of limitations.

### COUNT VII – CIVIL FELONY TORT

### *(a) Failure to plead facts of the required elements*

The final "catch-all" claim in plaintiffs' complaint is an alleged felony-tort under Ark. Code Ann. § 16-118-107 for allegations of "brib[ing] or illegally influenc[ing] a state judicial officer" by "two or more of the Defendants" who are unidentified in the pleadings (Compl. ¶¶ 149 - 152). Ark. Code Ann. § 16-118-107 creates a civil cause of action for "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law." Plaintiffs do not allege in their complaint what criminal statute gives rise to this claim. That fact, standing alone, is cause for dismissal, as it is impossible

for this Court to determine whether plaintiffs have plausibly alleged that defendants committed a felony when plaintiffs have not identified the alleged felony at issue.

Based on the language of plaintiffs' complaint, however, plaintiffs might be referring to Article V, Section 35 of the Arkansas Constitution, which provides, "Any person who shall, directly or indirectly, offer, give, or promise any money, or thing of value, testimonial, privilege or personal advantage to any executive or judicial officer, or member of the General Assembly; and any such executive or judicial officer, or member of the General Assembly, who shall receive or consent to receive any such consideration, either directly or indirectly, to influence his action in the performance or non performance of his public or official duty, shall be guilty of a felony, and be punished accordingly." If that is the felony at issue in this claim (which is not pled), the claim should be dismissed, as plaintiffs never allege what "money, or thing of value, testimonial, privilege or personal advantage" any one of these specific defendants, provided to any judicial officer. Indeed, plaintiffs' complaint does not clearly identify even who they claim is the "judicial officer" at issue or any of the remaining elements of any alleged felony.

### (b) Failure to allege conduct of these defendants necessary to support the claim

To the extent the referenced judge is the circuit judge in the Baker Case, then, as discussed above, at most, plaintiff has alleged only that a non-party to this case (Efrem Neeley) was the circuit judge's former law partner, that the judge perhaps should have recused if plaintiffs had not advised their client to waive any conflict caused by Neely's representation in the case, and that Neely and the judge engaged in ex parte communications regarding the Baker Case. (Compl. ¶¶ 39, 42, 44, 47, 50). Plaintiffs also identify conduct of several other non-parties in support of this claim, but make no effort to plead facts related to or even reference these defendants. Even accepting these allegations regarding non-parties as true, there is no Arkansas law that would create felony criminal liability for any of these defendants appearing as attorneys representing their clients in front of a judge who plaintiffs now believe should have recused due to the conduct of another lawyer who is not a party to this case.  There is no claim stated as to these defendants.

### (c) Expiration of statute of limitations

31

Actions under Ark. Code Ann. § 16-118-107 for "felony tort" ("[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law") has no separate statute of limitations and is thus governed by Arkansas' three-year statute of limitations, Ark. Code Ann. § 16-55-105 ("all actions founded upon any…liability not under seal and not in writing…").  Since plaintiffs' complaint fails to allege any conduct at all as to any of these defendants, much less any conduct which allegedly occurred after June 2, 2021 (three years before the filing of plaintiffs' complaint) in support this claim, plaintiffs' complaint likewise fails to state a viable claim under Count VII against these defendants on the basis of the statute of limitations.

No felony has been identified as supporting the allegations of this Count and no conduct of any of these defendants has been identified as supporting the allegations of this Count.  Count VII of plaintiffs' complaint should be dismissed.

## IV. CERTAIN DEFENDANTS HAVE NOT BEEN PROPERLY SERVED

The Complaint in this case was filed June 3, 2024, in Jefferson County Arkansas Circuit Court. Plaintiffs did not attempt service on any defendant until late September 2024.  Rule 4(i), Arkansas Rules of Civil Procedure, requires service of summons and Complaint to be completed "within 120 days after the filing of the Complaint" or "the action shall be dismissed." The 120 days expired October 1, 2024.

Of the nine named defendants in this case, four were not properly served in accordance with the requirements of Rule 4, Ark. R. Civ. Pro. and the Complaint against them should be dismissed on this additional basis as well.

- Defendant Emily Runyon. Plaintiffs apparently attempted service on Runyon pursuant to Rule 4(g)(1)(A)(I) of the Arkansas Rules of Civil Procedure (ARCP) by certified mail. See Runyon Declaration, Exhibit "C."  A certified mail package was delivered to the Mitchell Williams (MW) law firm in Rogers, where Runyon practices. However, neither Runyon, the addressee, or any agent of Runyon authorized in accordance with USPS regulations, signed for the certified mail. The green card required by ARCP 4(g)(1(A)(ii) is not part of Plaintiffs' proof of service filing. Instead, the

proof of service states that service was accomplished under ARCP 4(g)(B), which permits service by "First-class mail, postage prepaid . . . together with two copies of a notice and acknowledgment form . . . and a return envelope, postage prepaid, addressed to the sender." This is unquestionably false. The notice and acknowledgment form is nowhere found in Plaintiffs' proof of service filing because none was ever mailed to Runyon. See Runyon Declaration, Exhibit "C." No return envelope with postage prepaid was included in any mailing to Runyon.

Service of summons and complaint was not properly completed upon Runyon in accordance with Rule 4, and accordingly, plaintiffs' complaint against Runyon "shall be dismissed" since 120 days have passed since the filing of plaintiffs' complaint. Rule 4(i)(1), ARCP. *See Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) ("In a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, see Marshall, 155 F.3d at 1033, and after removal, by federal law, see Fed. R. Civ. P. 81(c)(1)"). This dismissal must be with prejudice as to Counts III, V, VI, and VII, since the statute of limitations has clearly expired as to those claims, in which case a dismissal for improper service must be with prejudice as the savings statute of Ark. Code Ann. §16-56-126 is inapplicable. *See McCoy v. Robertson*, 2018 Ark. App. 279.

- Defendant David Wilson. Plaintiffs apparently attempted service on Wilson pursuant to Rule 4(g)(1)(A)(I) of the Arkansas Rules of Civil Procedure (ARCP) by certified mail. See Wilson Declaration, Exhibit "D." A certified mail package was delivered to the Friday Eldredge and Clark law firm in Little Rock, where Wilson practices. However, neither Wilson, the addressee, or any agent of Wilson authorized in accordance with USPS regulations, signed for the certified mail. The green card required by ARCP 4(g)(1(A)(ii) is not part of Plaintiffs' proof of service filing. Instead, the proof of service states that service was accomplished under ARCP 4(g)(B), which permits service by "First-class mail, postage prepaid . . . together with two copies of a notice and acknowledgment form . . . and a return envelope, postage prepaid, addressed to the sender." This

is unquestionably false. The notice and acknowledgment form is nowhere found in Plaintiffs' proof of service filing because none was ever mailed to Wilson. See Wilson Declaration, Exhibit "D." No return envelope with postage prepaid was included in any mailing to Wilson.

Service of summons and complaint was not properly completed upon Wilson in accordance with Rule 4, and accordingly, plaintiffs' complaint against Wilson "shall be dismissed" since 120 days have passed since the filing of plaintiffs' complaint.  Rule 4(i)(1), ARCP. *See Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) ("In a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, see *Marshall*, 155 F.3d at 1033, and after removal, by federal law, see Fed. R. Civ. P. 81(c)(1)"). This dismissal must be with prejudice as to Counts III, V, VI, and VII, since the statute of limitations has clearly expired as to those claims, in which case a dismissal for improper service must be with prejudice as the savings statute of Ark. Code Ann. §16-56-126 is inapplicable. *See McCoy v. Robertson*, 2018 Ark. App. 279.

- <u>Defendant Mel Sayes</u>. Plaintiffs apparently attempted service on Sayes pursuant to Rule 4(g)(1)(A)(I) of the Arkansas Rules of Civil Procedure (ARCP) by certified mail. See Sayes Declaration, Exhibit "E."  A certified mail package was delivered to the law firm of Matthews, Sanders & Sayes, P.A., where Sayes practices. However, neither Sayes, the addressee, or any agent of Sayes authorized in accordance with USPS regulations, signed for the certified mail. The green card required by ARCP 4(g)(1(A)(ii) is not part of Plaintiffs' proof of service filing. Instead, the proof of service states that service was accomplished under ARCP 4(g)(B), which permits service by "First-class mail, postage prepaid . . . together with two copies of a notice and acknowledgment form . . . and a return envelope, postage prepaid, addressed to the sender." This is unquestionably false. The notice and acknowledgment form is nowhere found in Plaintiffs' proof of service filing because none was ever mailed to Sayes. See Sayes Declaration, Exhibit "E." No return envelope with postage prepaid was included in any mailing to Sayes.

Service of summons and complaint was not properly completed upon Sayes in accordance with Rule 4, and accordingly, plaintiffs' complaint against Sayes "shall be dismissed" since 120 days have passed since the filing of plaintiffs' complaint.  Rule 4(i)(1), ARCP. *See Barner v. Thompson/Center Arms Co.,* 796 F.3d 897, 900 (8th Cir. 2015) ("In a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, *see Marshall*, 155 F.3d at 1033, and after removal, by federal law, see Fed. R. Civ. P. 81(c)(1)"). This dismissal must be with prejudice as to Counts III, V, VI, and VII, since the statute of limitations has clearly expired as to those claims, in which case a dismissal for improper service must be with prejudice as the savings statute of Ark. Code Ann. §16-56-126 is inapplicable. *See McCoy v. Robertson*, 2018 Ark. App. 279.

- <u>Defendant Matthews, Sanders & Sayes, P.A</u>.  Plaintiffs apparently attempted service on Matthews, Sanders & Sayes pursuant to Rule 4(g)(1)(A)(I) of the Arkansas Rules of Civil Procedure (ARCP) by certified mail. See Sayes Declaration, Exhibit "E."  A certified mail package was delivered to the law firm of Matthews, Sanders & Sayes. However, no agent of Matthews, Sanders & Sayes authorized in accordance with USPS regulations, signed for the certified mail. The green card required by ARCP 4(g)(1(A)(ii) is not part of Plaintiffs' proof of service filing. Instead, the proof of service states that service was accomplished under ARCP 4(g)(B), which permits service by "First-class mail, postage prepaid . . . together with two copies of a notice and acknowledgment form . . . and a return envelope, postage prepaid, addressed to the sender." This is unquestionably false. The notice and acknowledgment form is nowhere found in Plaintiffs' proof of service filing because none was ever mailed to Matthews, Sanders & Sayes. See Sayes Declaration, Exhibit "E." No return envelope with postage prepaid was included in any mailing to Matthews, Sanders & Sayes.

Service of summons and complaint was not properly completed upon Matthews, Sanders & Sayes in accordance with Rule 4, and accordingly, plaintiffs' complaint against Matthews,

35

Sanders & Sayes "shall be dismissed" since 120 days have passed since the filing of plaintiffs' complaint. Rule 4(i)(1), ARCP. *See Barner v. Thompson/Center Arms Co.,* 796 F.3d 897, 900 (8th Cir. 2015) ("In a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, *see Marshall*, 155 F.3d at 1033, and after removal, by federal law, see Fed. R. Civ. P. 81(c)(1)"). This dismissal must be with prejudice as to Counts III, V, VI, and VII, since the statute of limitations has clearly expired as to those claims, in which case a dismissal for improper service must be with prejudice as the savings statute of Ark. Code Ann. §16-56-126 is inapplicable. *See McCoy v. Robertson*, 2018 Ark. App. 279.

## V. <u>CONCLUSION</u>

All of Plaintiffs' claims should be dismissed. This lawsuit is a patently frivolous filing for no purpose other than harassment. The serial lawsuits filed by Plaintiffs have no place in an ordered judiciary controlled by the rule of law.

Respectfully submitted,

/s/ David Donovan
David Donovan, No. 81184
WDTC Law, P.A.
2120 Riverfront Drive, Suite 275
Little Rock, AR 72202
(501) 850-7090
(501) 372-1209 (Fax)
david.donovan@wdtc.law

*Attorney for Defendants Emily Runyon and Munson, Rowlett, Moore and Boone, P.A.*

/s/ Dylan H. Potts
Dylan H. Potts, No. 2001258
Hannah W. Howard, No. 2021212
Gill Ragon Owen, P.A.
425 W. Capitol Ave., Ste. 3800
Little Rock, AR 72201
(501) 376-3800
(501)372-3359 (Fax)
potts@gill-law.com
howard@gill-law.com

*Attorney for Defendants Friday, Eldredge & Clark, LLP and David Wilson*

/s/ Justin Joy
Justin Joy, No. 2005288
Lewis Thomason, PC
40 S. Main St. #2900
Memphis, TN 38103
(901) 525-8721
(901) 525-6722 (Fax)
jjoy@lewisthomason.com

*Attorney for Defendants Annie Depper, Blake Hendrix, and Fuqua Campbell, P.A.*

/s/ Michael P. Vanderford
Michael P. Vanderford, No. 93086
Anderson, Murphy & Hopkins, L.L.P.
101 River Bluff Drive, Suite A
Little Rock, AR 72202
(501) 372-1887
(501) 372-7706 (Fax)
vanderford@amhfirm.com

*Attorney for Mel Sayes and Matthews, Sanders & Sayes, P.A.*

37

## CERTIFICATE OF SERVICE

I, Dylan H. Potts, hereby certify that a copy of the foregoing was filed via the Court's electronic filing system which shall send notice to all counsel of record. I further certify that a copy of the foregoing was also sent via email and U.S. First Class mail to the following known counsel of record on this 22 day of October, 2024:

Luther Sutter
Sutter & Gillham, P.L.L.C.
15001 N. Pierce, Ste. 105
Little Rock, Arkansas 72207
501-315-1910 (phone)
501-315-1916 (fax)
Luthersutter.law@gmail.com

and

Lucien Gillham (and via U.S. Mail)
Sutter & Gillham, P.L.L.C.
15001 N. Pierce, Ste. 105
Little Rock, Arkansas 72207
501-315-1910 (phone)
501-315-1916 (fax)
lucien.gillham@gmail.com

*Attorneys for Plaintiffs, Sutter & Gillham, P.L.L.C,*
*Luther Sutter and Lucien Gillham*

*/s/ Dylan H. Potts*
Dylan H. Potts