**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER, and LUCIEN GILLHAM          PLAINTIFFS


VS.                    CASE NO: 4:24-cv-00911BSM

EMILY RUNYON; MUNSON, ROWLETT, MOORE
AND BOONE, P.A.;  ANNIE DEPPER; BLAKE HENDRIX;
FUQUA CAMPBELL, P.A.; DAVID WILSON; FRIDAY,
ELDREDGE & CLARK, LLP; MEL SAYES; MATTHEWS,
SANDERS & SAYES, P.A.; AND JOHN DOES 1-100          DEFENDANTS


**BRIEF IN SUPPORT OF MOTION TO REMAND AND TO STAY**

COME the Plaintiffs, by and through undersigned counsel, for this Brief, each

states:

Here, Plaintiffs filed this action in State Court just before the statute of

limitations expired in light of this Court's invocation of Rooker-Feldman in the

related case.  Then, Defendants removed this matter to Federal Court and have a

notice of related case.  In that related case, the Court dismissed the Complaint under

Rooker-Feldman. The Court may remand a case under the abstention doctrine.

*McKnight v. Bank of Am.*, No. 2:05CV00315 JLH, 2006 U.S. Dist. LEXIS 3723, at

*3 (E.D. Ark. Jan. 19, 2006) Although that order invoking Rooker-Feldman is the

subject of an appeal, it is, nonetheless, entitled to preclusive effect. *Hall v. Equity*

1

*Nat'l Life Ins. Co.*, 730 F. Supp. 2d 936, 943 n.5 (E.D. Ark. 2010) (citing *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 582, 864 S.W.2d 244, 246 (1993))

The *Rooker-Feldman* doctrine deprives Federal Courts of subject matter jurisdiction over cases that amount to appellate review of State Court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *Iowa v. Tennant*, 262 F. Supp. 3d 831, 834 (S.D. Iowa 2017) This Court held in the related case that Rooker-Feldman deprived the Court of jurisdiction. Issue preclusion applies when an identical issue has already been decided in a case; and, subsequently, arises in another. *See, e.g., Smith v. Bayer Corp.*, 564 U.S. 299, 302, 131 S. Ct. 2368, 180 L. Ed. 2d 341 (2011). In *ARcare Inc. v. Qiagen N. Am. Holdings Inc.*, No. 4:17-CV-00558 BSM, 2018 U.S. Dist. LEXIS 3639, at *7 (E.D. Ark. Jan. 9, 2018), this Court applied issue preclusion and judicial estoppel to remand a case to State Court, just as the Court should do here.

The 8th Circuit recognized that claim preclusion is not limited to cases involving the same parties or parties who are in traditional "privity" with Defendants in a first action. *Elbert v. Carter*, 903 F.3d 779, 783 (8th Cir. 2018). In *Fowler v. Wolff*, 479 F.2d 338 (8th Cir. 1973) (per curiam), the *Elbert* Court said it affirmed the dismissal of a Plaintiff's claims against two (2) new Defendants in a second action where "the relationship of [the two new defendants] to the parties sued in the [previous] action is so close that their addition cannot change the fact that this

present action is repetitious and barred by res judicata." *Id.* at 340. *Fowler* involved a civil rights action against three (3) Nebraska officials concerning a dispute over parole. After the first action was dismissed on the merits, the Plaintiff brought a second action against two (2) of the same Defendants and two different Nebraska officials. Although the later action involved new individual Defendants and a new claim that was not discussed by the District Court in the previous action, this Court concluded that claim preclusion applied. *Id.*

Then, the *Elbert* court said the *Fowler* court applied *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972), where the Third Circuit ruled that claim preclusion barred a Plaintiff, whose claim of civil conspiracy against one (1) set of Defendants in a first action was dismissed on the merits, from bringing a second action alleging the same conspiracy against additional defendants who were not parties to the first. Although the two (2) sets of Defendants were not in traditional "privity" with each other, the Court in *Gambocz* reasoned that "the relationship of the additional parties to the second complaint was so close to parties to the first that the Second Complaint was merely a repetition of the first cause of action." *Id.* at 842. Such is the case here. Consequently, Plaintiffs move for an Order remanding this matter to State Court, consistent with *ARcare Inc. v. Qiagen N. Am. Holdings Inc.*, No. 4:17-CV-00558 BSM, 2018 U.S. Dist. LEXIS 3639, at *7 (E.D. Ark. Jan. 9, 2018).

Defendants have also filed a Motion to Dismiss.  In order to conserve scarce judicial resources, Plaintiffs move to stay their Response time until fourteen (14) days after this Motion is ruled upon, given the possibility of remand and the fact that Arkansas is a fact pleading State.

Respectfully submitted,

Luther Oneal Sutter, Esq., ARBN 95031
Attorneys for Plaintiff
**SUTTER & GILLHAM, PLLC**
1501 N. Pierce Ste 105
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com