**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER, and
LUCIEN GILLHAM**                                                                                    **PLAINTIFFS**

**v.**                                                 **No. 4:24-CV-00911BSM**

**EMILY RUNYON;
MUNSON, ROWLETT, MOORE AND BOONE, P.A.;
ANNIE DEPPER; BLAKE HENDRIX;
FUQUA CAMPBELL, P.A.; DAVID WILSON;
FRIDAY, ELDREDGE & CLARK, LLP;
MEL SAYES; MATTHEWS, SANDERS & SAYES, P.A.;
AND JOHN DOES 1-100**                                                              **DEFENDANTS**

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION
TO MOTION TO REMAND AND STAY**

Come now Defendants, Emily Runyon; Munson, Rowlett, Moore & Boone, P.A.; Annie Depper; Blake Hendrix; Fuqua Campbell, P.A.; David Wilson; Friday, Eldredge & Clark, LLP; Mel Sayes; and Matthew, Sanders & Sayes, P.A., for their Joint Response to Plaintiffs' Motion to Remand and Stay, and state:

Plaintiffs' Motion to Remand and Stay (Doc. 16) (and Brief in Support (Doc. 17)), is illogical, without basis in law or fact, and must be denied.   Further, Plaintiffs' request to "stay their Response time [to the pending Joint Motion to Dismiss (Doc. 3)]" to "conserve scarce judicial resources" also makes no sense, as no judicial resources will be consumed by Plaintiffs' filing a timely response to a Motion to Dismiss.  Plaintiffs' Motion to Remand and Stay should be summarily denied for the reasons set forth below.

This case was removed to this Court by the Defendants because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  This is undisputed.  Yet, Plaintiffs argue that the Court's

1

order invoking *Rooker-Feldman* in the Related Case[1] has a preclusive effect on this Court under the doctrines of issue preclusion[2] and judicial estoppel, thereby preventing this Court from having subject-matter jurisdiction to hear this case. Plaintiffs essentially argue this Court is prevented from considering whether Plaintiffs can invoke *Rooker-Feldman* in the first instance because issue preclusion makes it bound by the Court's prior decision in Sutter Federal Case I.   However, *Rooker-Feldman* is not an issue that can be precluded under the doctrine of issue preclusion.

Application of *Rooker-Feldman* is "different from [issue and claim] preclusion in several important ways." *Stewart v. JPMorgan Chase Bank, N.A.*, Case No. 23-cv-3731, 2024 U.S. Dist. LEXIS 24045, at *18 (N.D. Ill. Feb. 12, 2024).   The *Rooker-Feldman* doctrine is a federal jurisdictional question, stripping federal district courts from subject-matter jurisdiction only in very "limited circumstances." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).   On the other hand, issue- and claim- preclusion require separate elements for application and "[p]reclusion, of course, is not a jurisdictional matter." *Id.* at 293.

Therefore, the Court first determines whether the *Rooker-Feldman* doctrine bars federal jurisdiction to hear a claim. *See id.* at 282.   If the *Rooker-Feldman* doctrine does not strip federal subject-matter jurisdiction, the Court may then look to state law to determine whether claim- or issue- preclusion principles, otherwise known as res judicata, forecloses litigation of the elements of the complaints spared from want of subject-matter jurisdiction. *Id.* at 282, 287.   Therefore, the

---

1.   The related case is *Sutter & Gillham PLLC v. Henry*, No: 4:23-CV-00078-BSM, 2023 U.S. Dist. LEXIS 223644, 2023 WL 8700962 (E.D. Ark. Dec. 15, 2023) ("Sutter Federal Case I").

2. Plaintiffs use the terms issue preclusion and claim preclusion interchangeably throughout their Motion.  However, issue preclusion and claim preclusion are two distinct concepts.  "[C]laim preclusion . . . prevent[s] a party from relitigating a legal claim that was or could have been the subject matter of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).  Issue preclusion "bars relitigation of the same issue in a subsequent suit." *Hall v. Equity Nat'l Life Ins. Co.*, 730 F. Supp. 2d 936, 943 (E.D. Ark. 2010).  Here, it appears the Plaintiffs are really seeking issue preclusion, asking the Court to consider whether the *issue* of subject-matter jurisdiction under *Rooker-Feldman* is precluded.  However, because *Rooker-Feldman* is inapplicable, distinguishing between issue- and claim- preclusion is not essential to dispose of this Motion.

Court must consider them as two separate issues, and because jurisdiction is a threshold matter, whether this Court lacks jurisdiction under *Rooker-Feldman* must be considered first.[3]

I. **This Court has jurisdiction to decide the pending motion to dismiss, and respectfully, should do so. The *Rooker-Feldman* doctrine does not apply.**

Plaintiffs originally filed this case in state court, alleging that the case was brought "to redress deprivation of their rights under the First Amendment to the United States Constitution [and] Fourteenth Amendment to the United States Constitution … as permitted by … 42 U.S.C. § 1983 and 1985." (Doc. 2, ¶4.) The case was properly removed to this Court by Defendant Friday, Eldredge & Clark with the consent of all Defendants, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 as this Court has original jurisdiction over the alleged federal claims and supplemental jurisdiction over the alleged state claims pursuant to 28 U.S.C. § 1367(a). (*See* Doc. 1.) The *Rooker-Feldman* doctrine has no applicability to the jurisdiction of this Court under this procedure. As the Supreme Court succinctly and clearly stated in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284. The Plaintiffs, not the Defendants, allege they were the "state court losers" "complaining of injuries caused by state-court judgments" (*see* Doc. 2 ¶). The Plaintiffs brought this case in state court; Plaintiffs (the "state court losers") did not "invite district court review and rejection of those judgments." It was the Defendants who invoked their statutory right for this

---

3. "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines allowing federal courts to stay or dismiss proceedings in deference to state-court actions." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005). The *Rooker-Feldman* doctrine should not "swallow up issues that are properly resolved under . . . claim- and issue-preclusion doctrines." *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765–66 (7th Cir. 2024).

case to be heard in federal court by removal from state court. The *Rooker-Feldman* doctrine has absolutely no applicability in this case.

*Rooker-Feldman* has very narrow application in very limited circumstances. *Rooker-Feldman* provides that federal district courts "lack jurisdiction over suits seeking reversal or modification of state-court judgments" and, as indicated, is confined to "cases brought by [1] state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district courts review and rejection of those judgments." *Ramsell v. Wallace*, No. CV-24-08161-PCT-DJH, 2024 U.S. Dist. LEXIS 156264, at *15 (D. Ariz. Aug. 30, 2024) (quoting *Exxon Mobil Corp.*, 544 U.S. at 285)).[4] It "applies when parties come to federal court to undo a judgment in state court." *Stewart, N.A.*, 2024 U.S. Dist. LEXIS 24045, at *16. The reason being that "[l]osers in state court cannot reverse their fortunes by winning in federal court. State court losers cannot become federal court winners." *Id.* at *18. "The goal is to prevent parties from running to federal court to undo something that happened in state court." *Id.* at *24.

While meant to be a shield to "prevent parties from running to federal court to undo something that happened in state court," Plaintiffs here are trying to invoke *Rooker-Feldman* as a sword to force the case back to state court, to prevent this Court from deciding the merits of the Defendants' motion to dismiss. *See id.* at *24. Applying *Rooker-Feldman* under these circumstances would "extend [the doctrine's application] far beyond the contours" set by the United States Supreme Court. *See Exxon Mobil Corp.*, 544 U.S. at 282.

---

4. The U.S. Supreme Court cautioned against broad application of *Rooker-Feldman*, stating that "the lower federal courts have variously interpreted the *Rooker-Feldman* doctrine to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law under 28 U.S.C. § 1738." *Exxon Mobil Corp.*, 544 U.S. at 282.

**II.     There is no preclusive effect impacting this Court's jurisdiction created by the dismissal of Sutter Federal Case I.**

Plaintiffs' unclear argument seems to be that since this Court ruled in Sutter Federal Case I that the *Rooker-Feldman* doctrine barred Plaintiffs' claims in *that* case against *those Defendants*, somehow *these Defendants* in *this* case are barred as a matter of law from pointing out that the *Rooker-Feldman* doctrine has no applicability in *this* case.  The argument does not even make sense, and none of the cases cited by Plaintiffs have any relevance to this case.

First, Plaintiffs cite a res judicata *claim preclusion* case apparently to argue that their own case against these Defendants should be dismissed by this Court with prejudice on the basis of res judicata.  *See Elbert v. Carter*, 903 F.3d 779 (8th Cir. 2018) (citing *Fowler v. Wolff*, 479 F 2d 338 (8th Cir. 1973); *Gambocz v. Yelencsics*, 468 F.2d 837 (8th Cir. 1972)).  As pointed out by Plaintiffs, both of these cases held that a plaintiff who has already had his case dismissed against some defendants, is barred by res judicata from filing a new case with the same allegations against additional different defendants where "the relationship of the additional parties to the second complaint was so close to the parties to the first that the second complaint was merely a repetition of the first cause of action."  *Gambocz*, 468 F.2d at 842.  Here, the Plaintiffs appear to be arguing that the Defendants in this case have such a "close relationship" to the defendants in Sutter Federal Case I (with the exact same claims and facts as alleged here), that Plaintiffs are now bound by this Court's dismissal of Sutter Federal Case I, and thus Plaintiffs' complaint in this case is barred by res judicata and should be dismissed as well.  While Plaintiffs may wish to raise this point in response to Defendants' pending Motion to Dismiss and concede this case should be dismissed, it has nothing to do with this Court having jurisdiction or Plaintiffs' Motion to Remand.

Second, Plaintiffs refer to this Court's ruling in *ARcare Inc. v. Qiagen N. Am. Holdings Inc.,* No. 4:17-CV-00558 BSM, 2018 U.S. Dist. LEXIS 3639 (E.D. Ark. Jan. 9, 2018), which

applied the doctrine of *issue preclusion* to remand a case. In *ARcare,* a California district court first dismissed plaintiff's complaint on defendant's motion to dismiss for lack of federal jurisdiction. The plaintiff re-filed the case in Arkansas state court, and the defendant removed the case to federal court, claiming federal jurisdiction. The court remanded on the basis of issue preclusion holding that the required five elements of issue preclusion applied, since the question of federal jurisdiction had already been decided in the California case:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.[citing *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010)].

*ARcare Inc. v. Qiagen N. Am. Holdings Inc.*, No. 4:17-CV-00120 BSM, 2017 U.S. Dist. LEXIS 220147, *3 (E.D. Ark. June 27, 2017). After remand, the plaintiff added defendant's subsidiary company as an additional defendant, and that defendant removed the case to federal court again. The district court remanded again, on the basis that defendant's subsidiary was "in privity" with the defendant for issue preclusion purposes and was thus likewise bound by the same issue preclusion as was the original defendant. *ARcare Inc.,* 2018 U.S. Dist. LEXIS 3639, at *3.

Without identifying facts, basis, analysis, reasoning, legal standard, or even argument, it appears that Plaintiffs here are claiming that these Defendants are "in privity" with the defendants in Sutter Federal Case I. Thus, Plaintiffs appear to be arguing, since this Court ruled that the *Rooker-Feldman* doctrine applied under the procedural facts of Sutter Federal Case I to bar the claims that Plaintiffs' chose to bring in federal court against those defendants, these Defendants in this case are somehow barred by "issue preclusion" from removing Plaintiffs' claims against them to federal court pursuant to 28 U.S.C. § 1331. Plaintiffs are wrong.

6

First, as pointed out above, the *Rooker-Feldman* doctrine was raised in Sutter Federal Case I because it was applicable under the factual procedure of that case, but it simply has no application under the factual procedure of this case. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Second, the existence or absence of privity for purposes of claim- or issue-preclusion is not determinative for purposes of invoking *Rooker-Feldman*.[5] Plaintiffs fail to identify how a relationship exists between these Defendants and the defendants in Sutter Federal Case I, or how such a relationship is sufficient to invoke *Rooker-Feldman*.

For *Rooker-Feldman*, courts decline to find privity, even if the party is in privity with the state-court loser, which the Defendants in this case are not. *See Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994)) (noting the district court "erroneously conflated preclusion law with *Rooker-Feldman*" and stating the *Rooker-Feldman* doctrine is "inapplicable where the party against whom the doctrine is invoked was *not a party to the underlying state-court proceeding*" (emphasis added)); *Stewart*, 2024 U.S. Dist. LEXIS 24045, at *18–19 (stating, "*Rooker-Feldman* is different from preclusion in several important ways. . . . *Rooker-Feldman* typically does not prevent actions by prior non-parties even if they would be in privity with a state-court loser and thus subject to preclusion." (internal quotations omitted)). There is no argument to be made that Defendants are somehow in privity with Plaintiffs, the state-court losers. Applying *Rooker-Feldman* to bar Defendants' removal to this Court would require this Court to hold that parties in privity with federal-court winners are sufficient for *Rooker-Feldman*, which is not even contemplated by the doctrine and would completely upend its application and purpose.

There is no preclusion analysis for this Court to undertake separate from *Rooker-Feldman*,

---

5. This is yet another reason why the Plaintiffs tactically try to skirt the requirements of *Rooker-Feldman* by hiding behind the doctrine of issue preclusion, which is more broadly applied.

which, again, has no application to this case.  Because Plaintiffs cannot invoke *Rooker-Feldman* to strip this court's jurisdiction to hear Defendant's motion to dismiss, Plaintiffs' assertions of preclusion based on *Rooker-Feldman* fail.  Even if Plaintiffs brought preclusion arguments separate from *Rooker-Feldman* jurisdiction, it would be improper for this Court to consider such preclusion issue before considering Defendants' motion to dismiss.

### III.    No stay is warranted, and this case should be dismissed.

This case is ripe for dismissal.  *See* Joint Motion to Dismiss (Doc. 3) and Brief in Support (Doc. 4).  Plaintiffs' response to the Joint Motion to Dismiss was due on November 5, 2024 (U.S.D.C. Local Rule 7.2).  Plaintiffs did not file a timely Response.  Instead, on November 1, 2024, Plaintiffs requested this Court to "stay their Response time [to the pending Joint Motion to Dismiss (Doc. 3)]" to "conserve scarce judicial resources."  There were no judicial resources to be conserved on November 5 by Plaintiffs filing a timely Response to Defendants' Joint Motion to Dismiss.  They chose not to do so.  Defendants filed their motion so that this Court could dismiss this meritless case.  Plaintiffs are now apparently conceding that their case should be barred by res judicata.  Either way, there is no basis to grant Plaintiffs' request for a stay to respond to the motion, and the request should be denied.

### CONCLUSION

Plaintiffs' Motion to Remand and Stay should be denied.  This Court has jurisdiction over this case.  This Court should grant Defendants' Motion to Dismiss.

WHEREFORE, Defendants, Emily Runyon; Munson, Rowlett, Moore & Boone, P.A.; Annie Depper; Blake Hendrix; Fuqua Campbell, P.A.; David Wilson; Friday, Eldredge & Clark, LLP; Mel Sayes; and Matthew, Sanders & Sayes, P.A., pray that Plaintiffs' Motion to Remand

and Stay be denied in full for the reasons set forth herein, for their costs and expenses incurred herein, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

/s/ David Donovan              (*signed by Justin with permission*)
David Donovan, No. 81184
WDTC Law, P.A.
2120 Riverfront Drive, Suite 275
Little Rock, AR 72202
(501) 850-7090
(501) 372-1209 (Fax)
david.donovan@wdtc.law

*Attorney for Defendants Emily Runyon and Munson, Rowlett, Moore and Boone, P.A.*

/s/ Justin Joy
Justin Joy, No. 2005288
Lewis Thomason, PC
40 S. Main St. #2900
Memphis, TN 38103
(901) 525-8721
(901) 525-6722 (Fax)
jjoy@lewisthomason.com

*Attorney for Defendants Annie Depper, Blake Hendrix, and Fuqua Campbell, P.A.*

/s/ Dylan H. Potts
(*signed by Justin Joy with permission*)
Dylan H. Potts, No. 2001258
Gill Ragon Owen, P.A.
425 W. Capitol Ave., Ste. 3800
Little Rock, AR 72201
(501) 376-3800
(501)372-3359 (Fax)
potts@gill-law.com

*Attorney for Defendants Friday, Eldredge & Clark, LLP and David Wilson*

/s/ Michael P. Vanderford          (*signed by Justin Joy with permission*)
Michael P. Vanderford, No. 93086
Anderson, Murphy & Hopkins, L.L.P.
101 River Bluff Drive, Suite A
Little Rock, AR 72202
(501) 372-1887
(501) 372-7706 (Fax)
vanderford@amhfirm.com

*Attorney for Mel Sayes and Matthews, Sanders & Sayes, P.A.*

9