IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER, and LUCIEN GILLHAM
    PLAINTIFFS


VS. CASE NO: 4:24-cv-00911BSM

EMILY RUNYON;
MUNSON, ROWLETT, MOORE AND BOONE, P.A.;
ANNIE DEPPER; BLAKE HENDRIX;
FUQUA CAMPBELL, P.A.; DAVID WILSON;
FRIDAY, ELDREDGE & CLARK, LLP;
MEL SAYES;
MATTHEWS, SANDERS & SAYES, P.A.;
AND JOHN DOES 1-100
    DEFENDANTS

## MEMORANDUM RESPONSE TO COURT ORDER

COMES Plaintiffs, by and through undersigned counsel, for this Response, each states:

1. Defendants' arguments for dismissal fail as they misstate the applicability of both the Rooker-Feldman doctrine and the recent decision in *Baker v. Adams*, 2024 Ark. App. 577. The Rooker-Feldman doctrine applies only where a federal plaintiff seeks to overturn a final state court judgment. However, as set forth in Plaintiffs' Motion to Supplement, the Arkansas Court of Appeals in Baker v. Adams reversed the state court judgment that Defendants rely upon. In the absence of circumstances working an estoppel, a dismissal or nonsuit leaves the situation as though no suit had

ever been brought, and has the effect of an absolute withdrawal of the claim, leaves defendant as though he had never been a party, and carries down with it previous proceedings and orders in the action. *Austin v. Austin*, 241 Ark. 634, 635, 409 S.W.2d 833, 834 (1966). An action which was not appealed and when dismissed, was completed, and the results were binding on the parties, and the lawsuit is treated as having never been brought. *Oxford v. Perry*, 340 Ark. 577, 582, 13 S.W.3d 567, 570 (2000). The *Baker* court found the denial of a voluntary nonsuit to be reversible error, rendering the state court judgment dismiss the case with prejudice a nullity. Without a valid state court judgment, the foundation for the application of Rooker-Feldman evaporates. Defendants' reliance on this doctrine is misplaced in light of the *Baker* opinion[1]. Notably, argument has been scheduled in the 8th Circuit for January of 2025, and Plaintiffs will seek a remand to this Court to argue the merits of the respective motions.

2. In cases where the underlying state court judgment is vacated or reversed, federal jurisdiction is not precluded. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).The reversal of the judgment in Baker undercuts Defendants' claim that this Court lacks jurisdiction or that Plaintiffs' claims are barred by doctrines derived from the state court judgment. As noted in Plaintiffs'

---

[1] Notably, argument has been scheduled in the 8th Circuit for January of 2025 in the companion case, and Plaintiffs will seek a remand to this Court to argue the merits of the respective motions.

Motion to Supplement, Baker confirms the procedural impropriety in the handling of the nonsuit motion, underscoring the need for this Court to proceed on the merits of Plaintiffs' claims without deferring to a now-vacated judgment.

3. Defendants assert that Plaintiffs failed to respond timely to their motion to dismiss and seek dismissal under Local Rule 7.2. However, Plaintiff did timely ask that their response time be stayed or an extension be granted. The interests of justice favor adjudication on the merits, especially when Plaintiffs have demonstrated that Defendants' foundational arguments rest on misapplications of law. Moreover, any delay in response was not prejudicial and does not warrant dismissal of meritorious claims.

WHEREFORE Plaintiffs respectfully request that this Court:

1. Deny Defendants' Joint Motion to Dismiss in its entirety;

2. Stay consideration of the Motion at bar until after 8th Circuit rules on whether it will remand the issue

Luther Oneal Sutter, Esq.
ARBN 95031
Attorneys for Plaintiff
**SUTTER & GILLHAM, PLLC**
1501 N. Pierce Ste 105
Little Rock, Ar 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com