IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER, and
LUCIEN GILLHAM                                                                PLAINTIFFS

v.                                    No. 4:24-CV-00911-BSM

EMILY RUNYON;
MUNSON, ROWLETT, MOORE AND BOONE, P.A.;
ANNIE DEPPER; BLAKE HENDRIX;
FUQUA CAMPBELL, P.A.; DAVID WILSON;
FRIDAY, ELDREDGE & CLARK, LLP;
MEL SAYES; MATTHEWS, SANDERS & SAYES, P.A.;
AND JOHN DOES 1-100                                                          DEFENDANTS

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS'
"MEMORANDUM RESPONSE TO COURT ORDER"**

Come now Defendants, Emily Runyon; Munson, Rowlett, Moore & Boone, P.A.; Annie Depper;

Blake Hendrix; Fuqua Campbell, P.A.; David Wilson; Friday, Eldredge & Clark, LLP; Mel Sayes; and

Matthew, Sanders & Sayes, P.A., for their Joint Response to Plaintiffs' "Memorandum Response to Court

Order," and state:

1. This Court's December 2, 2024, Order (Doc. No. 20) invited Plaintiffs to supplement their

Motion to Remand and Stay (Doc. No. 16) in light of the Arkansas Court of Appeals' recent opinion in

*Baker v. Adams*, 2024 Ark. App. 577.  That is apparently what Plaintiffs' "Memorandum Response to Court

Order" (Doc. No. 22) is intended to be, although the pleading makes no sense.

2. Plaintiffs in this case are apparently not reading either Defendants' pleadings or even their own

pleadings. Alternatively, Plaintiffs are conflating their multiple active lawsuits.

3. Stated again, the pending Joint Motion to Dismiss these Defendants (Doc. No. 3) does not rely

upon or even mention the *Rooker-Feldman* Doctrine.  The Arkansas Court of Appeals' recent opinion in

*Baker v. Adams*, 2024 Ark. App. 577 is immaterial to the Joint Motion to Dismiss of these Defendants and has no effect upon their entitlement to dismissal of this case. *See* Doc. Nos. 3 and 4.

4. It is Plaintiffs' Motion to Remand and Stay (Doc. No. 16) that relies entirely upon the argument that the *Rooker-Feldman* Doctrine applies. As stated in Defendants' Joint Response in Opposition to Motion to Remand and Stay (Doc. No. 18), the *Rooker-Feldman* Doctrine is completely inapplicable in this case, regardless of the outcome in *Baker v. Adams*, 2024 Ark. App. 577 and regardless of whether the trial court's order of dismissal in the Baker Case was with or without prejudice.

5. In Plaintiffs' latest filing (Doc. No. 22), they agree that *Rooker-Feldman* has no applicability in this case (even though they confusingly forgot that they were the ones arguing for its application in the first place). Plaintiffs appear to now concede that this Court has jurisdiction to decide Defendants' pending Joint Motion to Dismiss, and Plaintiffs' Motion to Remand and Stay is now moot and should be denied.

6. Plaintiffs have still not responded to Defendants' Joint Motion to Dismiss and the time for doing so has long since passed. U.S. Dist. Court Local Rule 7.2. As Plaintiffs have known since the filing of the Joint Motion to Dismiss, the basis for the motion is unrelated to this Court's dismissal of *Sutter & Gilliam, PLLC, et. al. v. Henry, et. al*, No. 23-CV-00078-BSM, 2023 U.S. Dist. LEXIS 223644, 2023 WL 8700962 (E.D. Ark. Dec. 15, 2023), and unrelated to the pending Eighth Circuit appeal of that case, *Sutter & Gilliam, PLLC, et. al. v. Henry, et. al*, No. 24-1071 (8th Cir.). Plaintiffs' request for a stay to respond to the Joint Motion to Dismiss ("to conserve scarce judicial resources") is clearly both without merit and without a good faith basis, as Plaintiffs would have known had they ever read the pleading.

7. Plaintiffs' Motion to Remand and Stay (Doc. No. 16) should be denied, as Plaintiffs now concede.

8. Defendants' Joint Motion to Dismiss should be granted: (a) for the grounds set forth in the Motion and in the supporting brief (Doc. Nos. 3 & 4), and (b) because the time to respond to the Joint Motion has long since passed and Plaintiffs have still made no effort to respond.

WHEREFORE, Defendants, Emily Runyon, Munson, Rowlett, Moore & Boone, P.A., Annie Depper, Blake Hendrix, Fuqua Campbell, P.A., David Wilson, Friday, Eldredge & Clark, Mel Sayes and Matthew, Sanders & Sayes, P.A., pray that the complaint of the Plaintiffs be dismissed pursuant to Rule 12(b)(6) and 12(b)(5), Federal Rules of Civil Procedure, for the reasons set forth herein and in their Joint Motion to Dismiss and incorporated Brief in Support of Joint Motion to Dismiss, and additionally for their costs and expenses incurred herein, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

| | |
|---|---|
| */s/ David Donovan* <br> David Donovan, No. 81184 <br> WDTC Law, P.A. <br> 2120 Riverfront Drive, Suite 275 <br> Little Rock, AR 72202 <br> (501) 850-7090 <br> (501) 372-1209 (Fax) <br> david.donovan@wdtc.law <br><br> *Attorney for Defendants Emily Runyon and Munson, Rowlett, Moore and Boone, P.A.* | */s/ Dylan H. Potts* <br> Dylan H. Potts, No. 2001258 <br> Gill Ragon Owen, P.A. <br> 425 W. Capitol Ave., Ste. 3800 <br> Little Rock, AR 72201 <br> (501) 376-3800 <br> (501)372-3359 (Fax) <br> potts@gill-law.com <br><br> *Attorney for Defendants Friday, Eldredge & Clark, LLP and David Wilson* |
| */s/ Justin Joy* <br> Justin Joy, No. 2005288 <br> Lewis Thomason, PC <br> 40 S. Main St. #2900 <br> Memphis, TN 38103 <br> (901) 525-8721 <br> (901) 525-6722 (Fax) <br> jjoy@lewisthomason.com <br><br> *Attorney for Defendants Annie Depper, Blake Hendrix, and Fuqua Campbell, P.A.* | */s/ Michael P. Vanderford* <br> Michael P. Vanderford, No. 93086 <br> Anderson, Murphy & Hopkins, L.L.P. <br> 101 River Bluff Drive, Suite A <br> Little Rock, AR 72202 <br> (501) 372-1887 <br> (501) 372-7706 (Fax) <br> vanderford@amhfirm.com <br><br> *Attorney for Mel Sayes and Matthews, Sanders & Sayes, P.A.* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, a copy of the foregoing was filed using the Court's e-filing system which shall send notice to all counsel of record.

*/s/ Dylan H. Potts*
Dylan H. Potts