IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER, and LUCIEN GILLHAM
        PLAINTIFFS


VS. CASE NO: 4:24-cv-00911BSM

EMILY RUNYON;
MUNSON, ROWLETT, MOORE AND BOONE, P.A.;
ANNIE DEPPER; BLAKE HENDRIX;
FUQUA CAMPBELL, P.A.; DAVID WILSON;
FRIDAY, ELDREDGE & CLARK, LLP;
MEL SAYES;
MATTHEWS, SANDERS & SAYES, P.A.;
AND JOHN DOES 1-100
        DEFENDANTS

**MOTION TO DISMISS AND MOTION TO REMAND**

COMES Plaintiffs, by and through undersigned counsel, for this Motion, each states:

1. No answer or motion for summary judgment having been filed, Plaintiffs move for an Order dismissing the federal claims without prejudice under Rule 41(a)(1)(A) so that inconsistent results can be avoided in light of the recent oral argument at the 8th Circuit. The federal claims being dismissed, this matter should be remanded to state court.  28 U.S.C. § 1367, which provides in relevant part as follows:

1

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Here, the extraordinary facts alleged in this case raises novel issues of state law, and the federal claims have been dismissed.

2.    In the event, the Motion to Remand is denied, Plaintiffs moves to dismiss all claims without prejudice under Rule 41(a)(1)(A).

2

3.      In the event this Motion is denied, Plaintiff requests a week's extension to respond.

WHEREFORE Plaintiffs respectfully request that this Court:

1. Grant this Motion to Dismiss the federal claims without prejudice and remand this the state claims to federal court;

2. Or, should the Court deny the Motion to Remand, dismiss this entire case without prejudice until Rule 41;

3. Or, if these Motions are denied, an extension of one week within which to respond to the pending motions.

<div style="margin-left: 40%;">

Luther Oneal Sutter, Esq.
ARBN 95031
Attorneys for Plaintiff
**SUTTER & GILLHAM, PLLC**
1501 N. Pierce Ste 105
Little Rock, Ar 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com

</div>